## Boggs v. Boggs.

[No. 6,753. Filed February 23, 1910.]

1. Divorce.—*Alimony.—Amount of.*—The amount of alimony to be given in a divorce case is largely discretionary with the court. p. 398.

2. Divorce.—*Alimony.—Measure of.*—A wife who secures a divorce should be granted alimony sufficient to place her in as good a financial position as she occupied during marriage. p. 399.

3. Divorce.—*Alimony.—Evidence.*—Alimony in the sum of $3,000, given to a wife who is granted a divorce because of her husband's cruelty, the evidence showing that he owned land valued at $6,425, and a life estate in other land having an annual rental value of $1,272, is not excessive. p. 399.

4. Divorce.—*Allowances to Wife for Expenses.*—A wife who has sufficient property should not be granted a temporary allowance *pendente lite*, but where a wife secures a divorce, or a husband's

application is denied, the statute (§1080 Burns 1908, §1042 R. S. 1881) requires an allowance covering the expenses of the wife; and the sum of $200 is not excessive in a contested case, where the husband's property is valued at more than $6,000.   p. 400.

5.  DIVORCE.— Alimony.— Instalments.— Stay.— Motion to Modify Judgment.—Appeal.—A judgment for alimony made payable in instalments conditioned upon defendant's staying the judgment is not bad, the presumption being that the stay was to be given as required by statute (§§732, 733 Burns 1908, §§690, 691 R. S. 1881) ; and no question can be raised, on appeal, as to the form of judgment, there being no motion to modify.   p. 400.

From Howard Circuit Court; *J. F. Elliott*, Judge.

Suit by Squire Boggs against Fannie Boggs.  From a decree for defendant, plaintiff appeals.  *Affirmed.*

*John W. Strawn, Joseph C. Herron* and *Blacklidge & Wolf*, for appellant.

*James V. Kent* and *Bell & Purdum*, for appellee.

HADLEY, J.—Appellant sued appellee for divorce.  Appellee answered by general denial, and also filed a cross-complaint praying for divorce and alimony.  Upon issues joined the court rendered judgment against appellant and for appellee upon her cross-complaint, granting her a divorce and $3,000 in alimony, and also decreed that appellant should pay $200 to the clerk of the court for the use of appellee in paying the expenses of her defense in said cause.

It is first urged against the judgment that the amount of alimony awarded to appellee is too large.  It is well established that the amount of alimony to be awarded in

1.  divorce proceedings is in the sound discretion of the trial court, and the appellate tribunal will not review that decision unless an abuse of such discretion has been shown.  *Hedrick* v. *Hedrick* (1867), 28 Ind. 291; *Gussman* v. *Gussman* (1895), 140 Ind. 433; *Yost* v. *Yost* (1895), 141 Ind. 584; *Powell* v. *Powell* (1876), 53 Ind. 513; *Conn* v. *Conn* (1877), 57 Ind. 323; *Simons* v. *Simons* (1886), 107 Ind. 197; *Henderson* v. *Henderson* (1887), 110 Ind. 316.

There are no well-established rules for measuring the amount of alimony to be awarded, such amount always depending upon the facts and circumstances in each particular case. It has been held that alimony, when given to an innocent and injured wife, should be in a proportion to leave her at least as well off pecuniarily in non-cohabitation as she would be in cohabitation. *DeRuiter* v. *DeRuiter* (1901), 28 Ind. App. 9, 91 Am. St. 107; *Yost* v. *Yost, supra; Gussman* v. *Gussman, supra.*

The evidence shows that appellant owned real estate worth $6,425; that in addition he had a life estate in 318 acres of land, worth an annual rental of $1,272; that appellant, at the time of the trial, was forty-nine years of age and had an expectancy of twenty-one and eighty-one one-hundredths years. The evidence of appellant was very derogatory to the character of appellee. It was, however, wholly uncorroborated by any outside evidence, and, if untrue, was of a very malignant character. The evidence of appellee shows that appellant was a very coarse and brutal man. This evidence was corroborated by disinterested witnesses. If the testimony of appellant was believed, appellant should have been given the divorce. If the testimony of appellant was untrue and the testimony of appellee was to be believed, appellee was properly granted a divorce, and, under such circumstances, the amount of alimony is not of such an exorbitant character as to compel us to say that the court abused its discretion in allowing it. The parties were before the trial court. It had opportunities for determining the truth or falsity of the various statements which are not given to us. It is evident from the finding that the trial court believed the evidence adduced by appellee and disbelieved the testimony of appellant. This being true, we see no just grounds for holding that the amount of alimony is excessive.

It is also urged that the court erred in allowing $200 to

appellee for expenses of her defense. This allowance is specifically authorized by statute. §1080 Burns 1908, §1042 R. S. 1881. This statute contains two separate and distinct propositions. One for a temporary allowance *pendente lite,* which should be refused if the wife has sufficient means to make her defense. *Kenemer* v. *Kenemer* (1866), 26 Ind. 330. The other makes it the imperative duty of the court, upon granting a divorce to the wife or refusing one upon application of the husband, to make an allowance sufficient to cover all reasonable expenses of the wife in prosecuting or making defense to the action. *Harrell* v. *Harrell* (1872), 39 Ind. 185; *Hilker* v. *Hilker* (1899), 153 Ind. 425. In each case the amount to be allowed is within the sound discretion of the court, and in this particular case no abuse of discretion is shown.

It is also urged that the court erred in the form of the judgment entered for alimony. The judgment was for $3,000, payable in three instalments of $1,000 each, due respectively in three, fifteen and twenty-seven months after the date of the judgment, on the giving of sufficient surety for the payment thereof. The judgment then proceeds as follows: "And be it further ordered and adjudged that if said judgment is not stayed or security given for the payment thereof within thirty days from the date of said judgment, as required by law, then the whole amount of such alimony shall become due and payable, the same as if no such instalments had been mentioned in this decree." It is insisted that the case should be reversed as to the form of this judgment, since the judgment does not name the kind or character of security, nor by whom it is to be approved, and it is urged that the judgment is defective for this reason; citing *Rourke* v. *Rourke* (1856), 8 Ind. 427. It is, however, urged by appellee that this court cannot consider this question, for the reason that no objection was made to the form of judgment, no motion made to

modify it, and no exception thereto was saved by appellant in the court below. It is well settled that the form of a judgment cannot be assailed in this court unless objection was made thereto in some proper manner in the court below. *Walter* v. *Walter* (1889), 117 Ind. 247; *Evans* v. *State* (1898), 150 Ind. 651; *Tucker* v. *Hiatt* (1898), 151 Ind. 332, 44 L. R. A. 129; *Allen* v. *Studebaker Bros. Mfg. Co.* (1899), 152 Ind. 406; *Gullett* v. *Phillips* (1899), 153 Ind. 227; *Fralich* v. *Barlow* (1900), 25 Ind. App. 383; *Felt* v. *East Chicago, etc., Co.* (1901), 27 Ind. App. 494; *Duzan* v. *Myers* (1903), 30 Ind. App. 227, 96 Am. St. 341; *Kelley* v. *Houts* (1903), 30 Ind. App. 474.

Furthermore, the language of the decree is that "if said judgment is not stayed or security given for the payment thereof within thirty days from the date of said judgment, as required by law," etc. Sections 732, 733 Burns 1908, §§690, 691 R. S. 1881, provide how bail or stay of execution may be taken, prescribe the class of sureties and who shall approve them. The language of the decree given clearly implies that the stay shall be taken in accordance with said sections. There is no available error in the record.

Judgment affirmed.