[No. 30110.   Department Two.   March 20, 1947.]

Irene W. Memmer, *Appellant,* v. Homer L. Memmer, *Respondent.*[1]

[1]Reported in 178 P. (2d) 720.

*M. E. Mack,* for appellant.

*John T. Raftis,* for respondent.

STEINERT, J.—Plaintiff instituted an action for divorce from the defendant on the ground of cruelty. Trial of the cause before the court resulted in an interlocutory order denying plaintiff the relief sought by her, but granting to the defendant, instead, the right to a divorce as provided by law, and making an equal division of the community property between the parties. Plaintiff appealed.

Appellant, Irene W. Memmer, and respondent, Homer L. Memmer, intermarried in June, 1926, and ever since that time, until shortly before the trial of this action, have been domiciled in Stevens county, Washington. He is now approximately forty years of age, and she thirty-seven. They have one child, a son, now in his nineteenth year, who, at the time of the commencement of the action, was attending high school, but since then has entered the United States army and is self-supporting.

The community property consists of three lots, improved with a residence building, in Chewelah, which the parties acquired in 1943 and thereafter occupied as their home, valued by the court at $2,750; household furniture and goods appraised at $750; United States war bonds worth $1,832.62; proceeds on hand from sale of another war bond, amounting to $380; cash in bank in the sum of $774.10; an automobile worth $700; and miscellaneous articles such as tools, hunting and fishing equipment, an outboard motor, a trailer, etc., valued at $665; or a total of $7,851.72. These values are not now disputed.

This case differs from many of its kind, in that neither party has charged the other with drunkenness, idleness, gambling, infidelity, or other immoral habit. Both have been hard-working, industrious people. Respondent is an automobile mechanic by trade and has for years held a steady job, from which he has derived monthly wages ranging

from two hundred to two hundred fifty-six dollars; he is well-liked by his employer, is satisfied with his work, is interested in his home, and is economical in his living. Appellant, too, is a diligent person; she has the qualifications of a good housekeeper, is capable of earning, and at various times has earned, substantial sums of money in outside employment, although respondent has always objected to her doing any work away from home. Both enjoy fishing and hunting. They possess equipment for those sports and, during their married life, have taken frequent trips together in such pursuits.

It may seem strange, and it is most unfortunate, that these people, who appear to have many fine qualities and no insurmountable conflicts, should seek a solution of their marital differences in an action for divorce. The trial judge, in the introductory paragraph of his oral decision, said:

"In fact, I cannot recall when I have had a case—and I have had many of them—in which it appeared to me that there was so little excuse for the wrecking of a good home and a good family such as there is in this case."

The principal difficulty between the parties, as abundantly shown by the evidence, was that appellant was opposed to living in Chewelah and was constantly insisting that respondent move his family to some other place, although she had no definite location in mind.

On January 10, 1946, she filed suit for divorce. Her complaint, which is very general in character, alleges as the sole grounds of her action

" . . . that without any provocation, cause or excuse the defendant [respondent] has, by reason of his actions and conduct made it impossible for the plaintiff [appellant] to agree with the defendant, and that such conduct has been cruel and inhuman. That the defendant has repeatedly demanded that the plaintiff leave the home and lately endeavored to give the plaintiff $1500.00 if she would leave him."

In his answer, respondent denied these allegations and then, by cross-complaint, alleged the following:

"That for several years last past, the home life of the defendant [respondent] has become unbearable by reason

of the fact that the plaintiff [appellant] herein became dissatisfied with home life, and took no interest in keeping house and constantly nagged at and found fault with the defendant because he was living at Chewelah, Washington, where he had employment. That the plaintiff constantly complained that she did not want to live where her relatives resided, and complained against the defendant because he did not earn more money, and that the plaintiff persisted in wanting to work when there was no necessity for it, as the community funds were always accessible to her when she needed them, and that the defendant was well able to provide for the plaintiff and his son.

"That for a number of years last past, the plaintiff has constantly threatened the defendant that she would leave him if he did not move from Chewelah, and complained that the schools at Chewelah were not good enough to suit her. That the plaintiff is possessed of an ungovernable temper, and on numerous occasions has gotten into difficulty by reason thereof. That the defendant herein has made every effort possible to try and induce the plaintiff to become interested in her home, and be contented where the defendant was employed, but that the plaintiff has refused to do so.

"That on or about May 20, 1945, without any necessity therefor, the plaintiff left and abandoned the defendant, and went to Portland, Oregon, where she said she was going to work, and has since refused to return to the defendant at Chewelah, Washington."

The trial court, after hearing the evidence, covering one hundred seventy-four pages, made findings of fact substantiating the foregoing allegations of the cross-complaint, and thereupon entered an interlocutory order granting a divorce to the respondent.

The assignments of error challenge the findings of fact, the refusal of the trial court to grant appellant a divorce, and the denial of an award of permanent alimony to her.

No good purpose would be subserved by detailing the evidence. It amply supports the findings made by the trial court, and justifies the conclusion expressed by the judge in his oral decision, as follows:

"I have no doubt that the testimony that Mrs. Memmer and her witnesses gave constituted sufficient grounds for a divorce for Mr. Memmer, to say nothing about his own

testimony: The fact that she insisted, continuously, on getting out of Chewelah, which was his home and their home, insisted upon him getting another job, giving up a good job, was continuously dissatisfied with the schools, her leaving him and going to Portland and working there over his protest when she was not well and shouldn't be working, her leaving him the second time when she came back from Portland to go to Spokane, and her statement in Court that she never would live with him again."

The trial court was fully warranted in granting the divorce to respondent.

In this connection, appellant further complains that the divorce was awarded to the respondent despite the fact that, in his cross-complaint, he did not ask for one.

The record shows that, at the commencement of the trial, the court called attention to the fact that respondent's pleading did not pray for a divorce, whereupon his counsel explained that when the pleading was filed a reconciliation was thought possible. Then, in direct response to the court's immediate inquiry, counsel stated that respondent was "now" asking for a divorce. Appellant's counsel made no objection. At the conclusion of the evidence, that matter was again referred to by the court, and appellant's counsel thereupon specifically agreed that respondent's answer might be amended to conform to the proof and be regarded as a cross-complaint for a divorce, and that the prayer of his pleading might be amended accordingly. There is no merit in appellant's criticism.

The principal contention now made by the appellant, in her concluding assignments of error, is that the trial court wrongfully refused to allow her a greater amount than it did for medical aid or to allow her any permanent monthly alimony.

The tabulation of the community property and its total value of $7,851.72 have heretofore been set forth. The trial court was of the opinion that the property should be equally divided between the parties. Obviously, it could not be so divided in kind, hence some other basis for division would have to be adopted. The appellant wife was given the opportunity of taking the home and its furnishings, but these

she would not accept, for reasons that are apparent from what has heretofore been said with respect to her attitude toward further residence in Chewelah. The court thereupon awarded to the respondent the real property and household furniture, the automobile, tools, outboard motor, trailer, his hunting and fishing equipment, and sundry other articles, all having a total value of $4,830; and to the appellant the savings bonds, bank accounts, cash on hand, and her hunting and fishing equipment, totaling $3,021.72 in value.

To equalize the amount of the awards, the court required respondent to pay to the appellant, within seven days, the further sum of $904.14. In addition to that, the court directed the respondent to pay to the appellant the sum of two hundred dollars, in monthly installments of fifty dollars each, to enable her to defray the expense of an immediate operation for hemorrhoids, which appellant was expecting to undergo. That amount was paid by respondent, as directed by the court.

Under appellant's own testimony, the amount allowed for the operation and hospital care was ample. She testified that her physician had advised her to have the operation done immediately; that, if had, it would effect a cure of her condition; and that his bill and the hospital bill together would amount to one hundred twenty-five dollars. The amount allowed by the court for that purpose exceeded the necessary expense by seventy-five dollars.

█ The question of allowance of alimony is one upon which there is no fixed rule, and each case must necessarily depend upon its own facts and circumstances. *Van Gelder v. Van Gelder,* 61 Wash. 146, 112 Pac. 86; *Nerland v. Nerland,* 173 Wash. 311, 23 P. (2d) 24; *Warning v. Warning,* 5 Wn. (2d) 398, 105 P. (2d) 715.

█ Where it appears that the trial court has fully considered all the facts and circumstances of the particular case, and has reached a solution thereof, the decision of that court will not ordinarily be disturbed unless it is clearly erroneous. *Lehrman v. Lehrman,* 183 Wash. 649, 49 P. (2d) 41; *Warning v. Warning, supra.*

The oral decision of the trial court, preceded by an ex-

tensive analysis of the evidence, clearly demonstrates that the court carefully did weigh and consider every fact and circumstance shown by the testimony or connected with the case and, upon such consideration, made an equal division of the community property, besides allowing appellant the sum of two hundred dollars for necessary medical attention. The court took into consideration the age of the appellant, thirty-seven years; her ability to earn money; the fact that there was no dependent minor child; the showing that she had left the home, would not return to it, and refused the offer of an award of the residence and its furnishings; the circumstance that she was being awarded every dollar of the liquid assets; the fact that her physical debility was capable of ready adjustment, the expense of which the respondent was required to pay, and did pay; and, finally, the fault of the appellant herself in the matter of the disruption of the home and her voluntary act in cutting herself off from the support to which she would otherwise have been entitled and which she had always received.

Although in certain situations alimony may be allowed to the wife, even though she be at fault, nevertheless the circumstance of her fault has persuasive force and may always be inquired into in making a division of property or an award for support, the decision being one which rests largely in the discretion of the trial judge. *Van Gelder v. Van Gelder, supra; Fitzpatrick v. Fitzpatrick,* 105 Wash. 394, 177 Pac. 790; *Nerland v. Nerland, supra.*

Upon the record before us, we cannot say that the trial court abused its discretion, or that its decision was palpably erroneous. To the contrary, we believe that, under the facts and circumstances shown, the court made a just and equitable division of the property, and fittingly disposed of the question of alimony.

The interlocutory order is affirmed.

MALLERY, C. J., ROBINSON, JEFFERS, and HILL, JJ., concur.