[No. 32984. Department Two. December 30, 1954.]

BEATRICE I. PLATTS, *Respondent and Cross-appellant,* v.
WILLARD G. PLATTS, *Appellant.*[1]

*Tonkoff, Holst & Hopp,* for appellant.

*Olson & Palmer* and *J. W. McArdle,* for respondent and
cross-appellant.

PER CURIAM.—Defendant husband appeals from a decree
of divorce awarding plaintiff wife (1) seventy-five hundred
dollars payable in four equal installments, the first install-
ment payable on or before May 1, 1954; (2) seven hundred
fifty dollars attorneys' fee in the trial court; and (3) three
hundred fifty dollars attorneys' fee on appeal to this court.
The wife cross-appeals, claiming (1) that certain property
is community property; and (2) that the seventy-five hun-
dred dollar award is inadequate under the circumstances of
the case. Neither party appeals from that portion of the
decree granting a divorce to the wife and denying the
husband a divorce on his cross-complaint.

The parties were married December, 1950. It was the
second marriage for the wife, the third for the husband.
At the time of trial, the wife was thirty-three years old,
the husband thirty-eight.

'Reported in 278 P. (2d) 679.

Prior to marriage, the wife owned an automobile and an interest in a beauty parlor, both of which she sold. The husband was "possessed of considerable separate property." They entered into an antenuptial contract which provided that the separate property of each and the increase thereof should remain the separate property of the respective owner. Property thereafter acquired by either was to be the separate property of the party in whose name it was acquired, and

". . . the other party hereto does hereby relinquish any and all interest therein."

The agreement is silent as to the disposition of property in the event of a divorce.

We find no merit in the husband's contention that the court erred when it awarded the wife seventy-five hundred dollars. Although the nature of the award is not identified in the decree or findings of fact, it appears from the trial court's oral opinion that the award is for alimony. The decree does not purport to make a division of property; it recognizes that certain property is the separate property of the husband. Appellant husband does not challenge the right of the trial court to grant alimony to the wife.

The finding of fact, that

". . . the net value of the defendant's [husband's] separate assets over and above all his liabilities exceed $100,000.00,"

is supported by the record. Under the circumstances, and considering the necessities of the wife, we cannot find that the trial court misconstrued the criterion for the allowance of alimony. See *Gordon v. Gordon,* 44 Wn. (2d) 222, 266 P. (2d) 786 (1954).

There were two pretrial hearings and approximately three days in court, during which fifteen witnesses were examined. Considering the extent of the litigation and the property involved, the allowance of seven hundred fifty dollars attorneys' fee is not excessive. *Hughes v. Hughes,* 118 Wash. 262, 203 Pac. 376 (1922).

The record does not support the wife's contention that

some of the husband's separate property became community property.

The trial court allowed three hundred fifty dollars temporary attorneys' fee to the wife pending appeal. *State ex rel. Atkinson v. Church*, 37 Wn. (2d) 814, 226 P. (2d) 861 (1951). She now asks that we determine the final fee. RCW 26.08.090.

The judgment is affirmed; the wife's attorneys' fee on appeal is fixed at five hundred dollars (three hundred fifty dollars thereof having been heretofore allowed by the trial court); the wife will recover costs on appeal.