[No. 33171. *En Banc.* September 29, 1955.]

RUTH P. YOUNG, *Respondent*, v. GEORGE W. YOUNG, *Appellant.*[1]

*Richard S. Munter*, for appellant.

*Thomas Malott*, for respondent.

WEAVER, J.—Is it error, under the circumstances of this case, to allow plaintiff wife alimony of one hundred fifty dollars per month, until the further order of court?

[1]Reported in 288 P. (2d) 463.

Plaintiff wife and defendant husband, both now fifty-three years of age, were married in 1921. Two sons, one adopted, are grown and self-supporting. At least as early as 1946, the parties separated as husband and wife, although they continued to live in the same house. When their younger son was graduated from high school, in 1952 (he is now in the armed forces), "the parties established new and separate domiciles and have lived entirely separate and apart since that date." During this time, defendant contributed one hundred fifty dollars per month to plaintiff's support.

During marriage, the parties accumulated community personal property valued at approximately $86,341.80, the income from which has averaged in excess of two thousand dollars per year, over the past five years. During the same period, defendant's yearly income has averaged more than nineteen thousand dollars (before income taxes) from his profession.

Undoubtedly realizing that their marriage would eventually end in divorce, plaintiff decided to prepare herself for future employment. In the fall of 1948, she took an intensive training course in practical nursing and passed the state board examinations in June, 1949. Thereafter, she worked in a local hospital and, at the time of trial, was employed in the office of a pediatrician. Her "take home" pay is $163.10 per month. During her employment, and until the parties moved to separate domiciles, plaintiff continued to do the housework and the laundry for her husband.

The trial court (a) granted plaintiff a divorce; (b) divided the $86,341.80 community personal property between the parties; (c) required defendant to pay plaintiff wife one hundred fifty dollars per month alimony, until the further order of the court; and (d) granted plaintiff an attorney's fee and costs in the event of an appeal to this court.

It is not necessary for us to detail the facts leading to the divorce which was granted to the wife. The record supports the conclusion that plaintiff is blameless and that the divorce is the result of defendant's actions and conduct.

Defendant husband appeals only from that portion of the

decree requiring him to pay alimony of one hundred fifty dollars per month for an indefinite period.

■ The allowance of alimony to a wife, even though blameless, is neither a matter of punishment nor of sentiment. As Judge Chadwick said, so poignantly, in *Herrett v. Herrett*, 80 Wash. 474, 477, 141 Pac. 1158 (1914):

"When husband and wife have come to the divorce court and measured their shattered bonds in money, the law will not longer treat the relation as one of sentiment. It must be measured by the necessities of the one party and the ability of the other to meet that necessity (*Holcomb v. Holcomb*, 53 Wash. 611, 102 Pac. 653); assuming, of course, that the one receiving the alimony is entitled to demand it, under all the attending facts and circumstances."

The decisions of this court have not deviated from this criterion. *Murray v. Murray*, 26 Wn. (2d) 370, 378, 174 P. (2d) 296 (1946); *Gordon v. Gordon*, 44 Wn. (2d) 222, 226, 266 P. (2d) 786 (1954); *Platts v. Platts*, 45 Wn. (2d) 853, 278 P. (2d) 679 (1954).

It is apparent, from the facts, that this divorce does not break up a family home; the home had gradually disintegrated and dissolved a number of years ago. The welfare of minor children is not involved, nor is there any dispute over property.

We find the parties in this position:

The wife, on the one hand, has received over forty-three thousand dollars of income-producing property, which, properly invested, will return to her a substantial income. Neither the income nor the principal of this fund can be ignored when considering the necessities of the situation before us. In anticipation of the present situation, she has schooled herself in a trained vocation from which she earns almost two thousand dollars a year, after income taxes. She has good health, except for some minor complaints. Under these circumstances, she will be able to enjoy, substantially, the same standard of living that she had prior to the divorce.

The husband, on the other hand, has exactly the same as the wife. He has an equal share of the income-producing

community personal property, and the ability to earn a living in his profession.

It highlights the sole problem before us to consider that should the earning power of both cease, their positions would be identical.

The reason for the allowance of one hundred fifty dollars per month alimony to the wife is found in the memorandum opinion of the trial judge. He commented:

"Can it be said that from here on, having attained during the marital relationship, the success that he has, having equipped himself with the aid of his wife, for the profession that he finally embarked upon and having accumulated the estate that has been accumulated here, that what he possesses now as of this moment is his and his alone from this moment on or from the moment that a decree is entered? I don't think it would be equitable and fair to make or concede that proposition."

More specifically, the problem is whether the disparity between the training and earning power of the parties justifies an allowance of alimony to the wife under the factual situation of this case.

We have said many times that each case of this nature must necesarily depend upon its own facts and circumstances. *Memmer v. Memmer*, 27 Wn. (2d) 414, 419, 178 P. (2d) 720 (1947). The allowance of alimony is not governed by a fixed rule. For these reasons, prior decisions are helpful, but not necessarily controlling.

When the physical income-producing property of each party is substantial, and when each party is trained in a profession and has the ability to earn and is earning a living, it is not the policy of the law to give a wife a perpetual lien upon her divorced husband's future earnings which arise from his personal efforts. This is but another way of saying that the necessity for alimony does not exist.

Under facts comparable to those of the instant case, this court, in *Lockhart v. Lockhart*, 145 Wash. 210, 259 Pac. 385 (1927), discontinued alimony payments to the wife. We are not unaware that the *Lockhart* case has been distinguished and criticized a number of times (*Warning v.*

*Warning*, 40 Wn. (2d) 903, 906, 247 P. (2d) 249 (1952), and cases cited); but it has not been overruled, and those cases wherein its doctrine was not applied may be distinguished by their facts from this case.

Under somewhat similar circumstances, no alimony was allowed to the wife in *Lane v. Lane*, 170 Wash. 215, 16 P. (2d) 206 (1932), and in *Memmer v. Memmer, supra.* In *Murray v. Murray*, 26 Wn. (2d) 370, 378, 174 P. (2d) 296 (1946), alimony payments were terminated at a fixed date, after the filing of the court's opinion.

 Although the separation of the parties as man and wife has been an accomplished fact for some time, the wife is still subject to the uncertainties and adjustments of a transition period. We, therefore, conclude that the monthly payments of alimony shall cease upon her remarriage or upon the expiration of three years from the date this opinion is filed, whichever shall occur first.

The decree of divorce will be modified to the extent indicated; in all other respects it will stand affirmed.

MALLERY, SCHWELLENBACH, DONWORTH, and OTT, JJ., concur.

HILL, J. (dissenting)—The majority says that the reason for the allowance of alimony in the amount of one hundred fifty dollars a month is found in a quoted portion of the memorandum opinion of the trial judge. The opinion referred to is actually an oral opinion rendered at the conclusion of the trial on April 21, 1954. Then the majority states that the problem is whether the disparity between the training and earning power of the parties justifies the allowance of alimony to the wife under the factual circumstances of this case.

I would agree that the reason given in the oral opinion does not justify an award of alimony, and would also agree that the the alimony award should not be based upon the disparity between the parties as to their training and earning power. That, in my opinion, is not the problem before us.

We have many times held that a trial court may change its mind after delivering an oral or written opinion and be-

fore making its findings and conclusions. *Liming v. Teel* (1955), 46 Wn. (2d) 762, 284 P. (2d) 1110. Whatever the trial judge may have said in his oral opinion, there is nothing in the findings made three months later that suggests that the alimony allowance is based upon anything except the necessities of the wife and the husband's ability to pay, which are the criteria which we have consistently laid down. *Herrett v. Herrett* (1914), 80 Wash. 474, 478, 141 Pac. 1158; *Bartow v. Bartow* (1942), 12 Wn. (2d) 408, 412, 121 P. (2d) 962; *Murray v. Murray* (1946), 26 Wn. (2d) 370, 378, 174 P. (2d) 296; *Patrick v. Patrick* (1953), 43 Wn. (2d) 139, 144, 260 P. (2d) 878.

The basic assignment of error is as to finding of fact No. IX, which reads as follows:

"It is proper that defendant be required to pay to plaintiff the sum of $150.00 per month as alimony, which sum is a reasonable sum to be allowed for plaintiff's support and which sum defendant is able to pay."

The problem confronting the trial court and confronting us is, Does Mrs. Young need alimony and, if so, how much?

Mrs. Young's "necessities" after thirty years of married life terminated by the husband's fault are something more than food, clothing, and shelter. A wife is, under such conditions, entitled to enjoy substantially the same standard of living that she had prior to the decree of divorce. *Hogan v. Hogan* (1943), 196 Ga. 822, 28 S. E. (2d) 74; *Boggs v. Boggs* (1910), 45 Ind. App. 397, 90 N. E. 1040; *Barnett v. Barnett* (1942), 292 Ky. 840, 168 S. W. (2d) 17; *Krause v. Krause* (1953), 26 N. J. Super. 424, 98 A. (2d) 329; 27 C. J. S. 971, Divorce, § 236; 17 Am. Jur. 470, Divorce and Separation, § 602; 2 Nelson on Divorce (2d ed.) 45, 49, §§ 14.34, 14.39.

See *Theis v. Theis* (1938), 196 Wash. 667, 670, 84 P. (2d) 369, in which we indicated that, although the wife was at fault, she should have an "allowance sufficient to maintain her in the modest luxury to which she became accustomed as the wife of respondent."

I agree with the majority that both Mrs. Young's earning capacity and whatever income the property awarded to her will earn if wisely invested should be considered in deter-

mining whether or how much alimony should be paid. Such additional amount as will enable her to enjoy substantially the same standard of living that she had prior to the divorce would, in my opinion, be the measure of her necessities under the circumstances in this case. *McAllister v. McAllister* (1865), 1 Ky. Opin. 333. Mr. Young's ability to make such payment is conceded.

The appellant makes no direct attack upon the finding as to the amount Mrs. Young needs for her support by such a standard, or by any standard, but adroitly avoids that issue by making his attack upon a statement in the trial court's oral opinion, and argues that no alimony should be allowed on the basis there indicated. I find nothing to indicate that alimony was allowed on that basis.

The appellant, having failed to show that Mrs. Young does not need the one hundred fifty dollars a month, or that he is not able to pay that amount without hardship, has failed in his attack upon the finding of fact quoted above. The conclusion and judgment complained of are predicated upon that finding. No abuse of discretion has been shown, and I would affirm the trial court.

HAMLEY, C. J., and ROSELLINI, J., concur with HILL, J.

FINLEY, J. (dissenting)—In *Memmer v. Memmer*, 27 Wn. (2d) 414, 419, 178 P. (2d) 720, this court said:

"The question of allowance of alimony is one upon which there is no fixed rule, and each case must necessarily depend upon its own facts and circumstances."

In the same case, the court also said:

"Where it appears that the trial court has fully considered all the facts and circumstances of the particular case, and has reached a solution thereof, the decision of that court will not ordinarily be disturbed unless it is clearly erroneous."

However, in *Lockhart v. Lockhart*, 145 Wash. 210, 259 Pac. 385 (decided in 1927), and in a number of later cases, this court clearly and positively formulated the rule that the allowance of alimony and the fixing of the amount thereof is dependent upon the necessities of the wife and the

ability of the husband to pay. In defining or determining what a wife's necessities are, in terms of what may be necessary for her to maintain herself, the court is not limited to a consideration of what would constitute a bare and frugal minimum standard of health and decency. Reasonable consideration may and should be given to the standard of living generally maintained by the marital community prior to the divorce.

In the instant case, the trial court, in his memorandum decision (quoted in part in the majority opinion), strongly emphasized the difference in the professional training and earning power of the parties to the divorce. On numerous occasions, we have said that a trial judge is not bound by and may change his mind after formulating an oral or written opinion; that is, before entering findings of fact, conclusions of law, and judgment; but we have also said that, where findings of fact are consistent with views expressed in a memorandum decision, the former are. to be read or interpreted in the light of the views expressed in the memorandum decision. *Mertens v. Mertens*, 38 Wn. (2d) 55, 227 P. (2d) 724.

The trial court's finding of fact No. IX reads as follows:

"It is proper that defendant be required to pay to plaintiff the sum of $150.00 per month as alimony, which sum is a reasonable sum to be allowed for plaintiff's support and which sum defendant is able to pay."

While in the above finding of fact, the trial judge stated that it was proper to allow one hundred fifty dollars per month alimony to the wife, there is no clear indication as to the reasoning of the trial court, or why the court thought it was proper to allow such alimony. There is no inconsistency between finding of fact No. IX and the memorandum opinion of the trial judge. Since the latter clearly emphasized the disparity in earning power, it seems to me that this explains finding of fact No. IX—namely, that the trial judge considered it was proper to allow alimony of one hundred fifty dollars per month, because of the disparity in the earning power of the parties. This is not a proper basis for the allowance of alimony, and would seem to require a re-

versal. *Lockhart v. Lockhart, supra*; *Memmer v. Memmer, supra*. On the other hand, it appears to me that there is a close relationship between the matter of alimony and an equitable division of community property, and that without an allowance of alimony the trial court might very well have made a different disposition of the community property of the parties in this case.

It is my best judgment that the cause should be remanded to the trial court for a further consideration of the problem of alimony in the light of the views expressed herein. In conjunction therewith, a remand of the case would provide an opportunity to the trial court to reconsider the problem of an equitable division of the comunity property between the parties in the light of any revision made in the alimony award.

---

November 22, 1955. Petition for rehearing denied.