[No. 37428.    Department One.    May 6, 1965.]

Myron M. Campbell, *Appellant*, v. Evelyn Ritz Campbell, *Respondent*.*

*John A. Paglia* and *Ruff & Potter*, for appellant.

*Robbins, Oseran & Robbins* and *Michel P. Stern*, for respondent.

Hill, J.—The issue presented on this appeal is whether a provision in a divorce decree[1] for payments to the wife,

*Reported in 401 P.2d 651.

---

[1]*Inter alia* the decree, after awarding the wife a divorce, provides that:

"It Is Further Ordered, Adjudged and Decreed that the property settlement agreement heretofore entered into between the parties and filed as an exhibit at the trial hereof, be and the same is hereby ratified, approved and confirmed in all respects.

". . .

"It Is Further Ordered, Adjudged and Decreed that plaintiff shall pay to defendant the minimum of $1,200.00 per year at the rate of $100.00 per month, commencing July 15, 1957, and continuing each and every month thereafter for the remainder of her life or until she shall remarry, said payments to be secured as set forth in the property settle-

until her death or remarriage, of a minimum of $1,200 a year at the rate of $100 a month is alimony and, hence, subject to modification or elimination under certain conditions, or whether it is part of a property settlement approved and ratified by the court and, hence, not subject to any alteration by the court.

A petition by the husband to modify the divorce decree, by eliminating the payments, was denied by the trial court for the reason that such decree did not provide for alimony or support money but confirmed a contractual property right which the court had no power to modify or eliminate.

The husband appeals.

█ We have heretofore said:

> Future payments provided for by an agreement in writing can be either alimony and support money or a property settlement, depending upon the circumstances and the intent of the parties. *Fleckenstein v. Fleckenstein,* 59 Wn.2d 131, 132, 366 P.2d 688, 689 (1961).

The decree makes no reference to support money or alimony. Having ratified and approved the property settlement agreement, the decree again states, in the portion quoted in footnote 1 relative to the minimum payment of $1,200 a year, "said payments to be secured as set forth in the property settlement agreement on file herein."[2] It is to be noted that the payments are 25 per cent of the income of a trust and have, at times, substantially exceeded the minimum payment of $1,200 a year. This minimum payment is further protected by provision for payment from a specific testamentary trust, if the 25 per cent of the income from the inter vivos trust is not sufficient to meet the minimum. Should these two trusts fail to produce any income, the appellant receives nothing by the terms of this contract; the appellant's other income, including earnings, is not imperiled.

ment agreement on file herein, and that said amount shall be binding on the estate of plaintiff in the event of his death and shall be and become a lien and charge on plaintiff's estate in the event plaintiff shall predecease defendant."

[2]The five paragraphs dealing specifically with the minimum payment of $1,200 a year will be found in an addendum at the end of this opinion.

As in *Millheisler v. Millheisler*, 43 Wn.2d 282, 261 P.2d 69 (1953), we have here "no assured periodic payments."

It is urged by the appellant that these payments were for the support and maintenance of the wife. This contention is based on the second "whereas" clause in the agreement and a recitation in a finding of fact in the divorce action. The two "whereas" clauses read as follows:

WHEREAS, the parties are now husband and wife and irreconcilable differences have arisen between them as a result of which a divorce action has been instituted and is now pending in the Superior Court of King County, Washington, and

WHEREAS, the parties desire to enter into a property settlement agreement fixing and defining their property rights, and to provide for and secure the support and maintenance of the wife, Now, Therefore

However, there is no other reference to support and maintenance in the agreement, and it concludes in the last numbered paragraph by saying:

14. The parties acknowledge that they have entered into this property settlement agreement voluntarily and with the full approval and acquiescence of their respective attorneys, and with the belief that the same is a fair, just and equitable settlement and adjustment of their property rights.

The finding of fact relied upon (entered in the divorce action) is:

The undersigned finds said property settlement agreement is fair and equitable and that the property rights and provisions for the support of the defendant as therein provided are reasonable and proper and should be approved.

The conclusions of law and the decree say nothing about provisions for the support of the defendant, instead the conclusion is:

That the property settlement agreement heretofore entered into between the parties and filed as an exhibit herein should be approved and confirmed and that the rights and obligations of the parties, one to the other, shall be fixed in conformity with the provisions thereof.

The material portion of the agreement, thus approved and confirmed, is found in the addendum hereto.

The trial court, on the modification hearing with which we are now concerned, said:

> I think it is a property settlement agreement, and I will tell you why.
>
> First, we have the agreement of the parties. Now, the only place where it mentions even the word "support" is in the "whereas part" before they enter into the agreement, which is much less of a reference to support than existed in the Valaer case where they said they conveyed the county farm lands for the purpose of providing an income for her and the children. That was in the agreement itself and not just in the "Whereas" in the Valaer case. All we have here is this one word concerning support in the property settlement agreement.
>
> It goes on to say that the wife shall have certain specifics and the husband acknowledges certain things as her separate property. Now, paragraph 3 of this agreement doesn't say that this is support or anything else. It says:
>
> "In February, 1953, the husband created an inter vivos trust,"
>
> this hundred and fifty shares of capital stock in the Seattle Psychiatric Institute. In the next sentence:
>
> "The husband agrees to pay the wife $1200 a year for life or until she remarries in monthly installments of $100.00 or 25% of the income from said trust, whichever is larger."

Not only is *Valaer v. Valaer*, 45 Wn.2d 565, 277 P.2d 326 (1954) (to which reference was made by the trial court), squarely in point, but so is *Millheisler v. Millheisler*, 43 Wn.2d 282, 261 P.2d 69 (1953). In the latter case, the appellant made the same argument that is made here, and with greater reason. In one section of the property settlement agreement, it was there "agreed by and between the parties" that the payments provided for in the contract were

> "being paid to said party of the first part for her support and maintenance and for the support, maintenance and education of the three minor children of the parties hereto; . . . . ." (p. 284)

In that opinion, we approved and quoted the following from the trial court's memorandum opinion:

"The only indication to indicate that this was anything but a specific and final property settlement contract in the agreement of October 11, 1949, is a very short paragraph to be found on page 5 of the Agreement and to the effect that the property conveyed to Mrs. Millheisler was for her support and for the support, maintenance and education of their three minor children. Had emphasis been placed on this provision through the contract, it might possibly be held subject to subsequent modification. In this Court's view, this rather slight reference is completely submerged in the overall provisions of the contract and is not sufficient of itself to negate the idea that these contracting parties intended a full and final settlement of their property rights." (pp. 286, 287)

We added:

We are satisfied that the paragraphs relied upon by the appellant are but explanatory of the seemingly very generous proportion of the property of the parties awarded to the respondent as her separate property.

In the present case, there is no reference to support and maintenance in the decree, or in the property settlement agreement, except in the "whereas" clause which we have quoted. This is certainly not enough to negate the idea clearly expressed throughout the entire contract—that the parties are settling their property rights. Here, where the annual earning capacity of each party runs into five figures, it seems a bit ridiculous to suppose that this particular payment (to be made solely from trust funds) has, or ever had, any relation to the needs of the wife or the capabilities of the husband on the question of support. It seems obvious to us, as it did to the trial court, that this proceeding is an attempt to modify a property settlement. The appellant may be unhappy with his contract, but the courts cannot make another one for him.

The judgment appealed from is affirmed.

ROSELLINI, C. J., OTT and HUNTER, JJ., and BARNETT, J. Pro Tem., concur.