[No. 37746.    Department Two.    October 7, 1965.]

HERBERT C. LYNCH, *Respondent*, v. CHARLOTTE ISABEL LYNCH, *Appellant.*\*

*Nashem & Prediletto* and *Norman R. Nashem, Jr.*, for appellant.

*Palmer, Willis & McArdle*, for respondent.

PER CURIAM.—Plaintiff husband, a physician and surgeon, and defendant wife were married in 1933 and granted a divorce, each from the other, in 1947. Defendant wife was given custody of three minor children and $50 per month for the support of each child. One child has been supported by plaintiff in an institution for a number of years. The other two children are now over 21 years of age, married, self-supporting and emancipated.

The 1947 interlocutory decree of divorce granted defendant wife $250 per month permanent support and alimony. The 1947 property settlement agreement, approved by the court, recognized the community interest of the parties in three life insurance policies on the life of plaintiff. The agreement required that plaintiff husband

shall continue, so long as he is financially able to do so, to keep same in force and effect, and shall maintain the

\*Reported in 406 P.2d 621.

Second Party [wife] and the minor children of the parties as beneficiaries thereunder to the extent they are now beneficiaries thereunder.

In addition, defendant wife received property of a reasonable value of approximately $40,000 to $42,500.

After 17 years, during which plaintiff husband paid defendant wife $50,975 as alimony and paid in excess of $40,-000 for the support, tuition, medical care and insurance premiums for their three children, he filed a petition for modification of the divorce decree. He seeks to eliminate all requirements for payment of alimony and continuation of the three life insurance policies.

After an extended trial, the court found, on evidence which cannot be said to be entirely conflicting but only subject to different interpretations, that defendant wife, although a capable registered nurse, has, since the divorce in 1947, failed to re-establish herself in her profession; that for the past 4 years defendant has been employed as a nurses' aid at the Kirkland General Hospital, and is capable of self-support; and that the conditions of the parties have changed since the 1947 divorce decree. Defendant wife appeals. To detail the evidence would serve no useful purpose; it is sufficient to state that there is evidence to support the trial court's findings. We cannot disturb them.

To give defendant a transition period in order to make certain personal adjustments, which we need not discuss, the trial court concluded that defendant should receive $250 per month alimony for 12 months beginning April, 1964, $150 per month for the next 12 months, and $100 per month for the following 12 months after which payment of alimony should cease.

We affirm the trial court's decision on the modification of alimony. Its conclusion is supported by the rationale of *Dakin v. Dakin*, 62 Wn.2d 687, 384 P.2d 639 (1963); *Morgan v. Morgan*, 59 Wn.2d 639, 369 P.2d 516 (1962) and *Young v. Young*, 47 Wn.2d 497, 288 P.2d 463 (1955); and authorities therein cited.

The court relieved plaintiff husband of the necessity of maintaining defendant wife as beneficiary of the three life

insurance policies except in an amount and to the extent that the policies would be security for the payment of alimony for the next 3 years. This we believe to be error.

 The 1947 property settlement agreement recognizes the community interest of the parties in the policies. It provides that both defendant wife and their children should be named as beneficiaries. The agreement does not designate the insurance to be security for the payment of alimony and child support. We deem the insurance provision of the agreement to be a division of property which, under the statute (RCW 26.08.110), is final and conclusive. See *Campbell v. Campbell*, 66 Wn.2d 177, 401 P.2d 651 (1965).

The modification of alimony payments as set forth in the amended decree of divorce is affirmed; the disposition of the life insurance is reversed.

Appellant shall recover costs on appeal.