[No. 37987. Department One. April 28, 1966.]

JOHN MacLAINE HUFF, *Respondent*, v. BETTY M. HUFF, *Appellant*.*

*Kenneth C. Hawkins*, for appellant.

*Bruce P. Hanson* (of *Tonkoff, Holst & Hanson*), for respondent.

LANGENBACH, J.†—The husband sued for a divorce, alleging mental cruelty; the wife counterclaimed on the same ground. The court awarded each a divorce, granted her the custody of the children, with an allowance to herself and children for support, and divided their property. Feeling aggrieved, the wife has appealed.

The parties have been married over 20 years and have two teen-age children. They have a home in the better section of the city of Yakima. He had been employed in

*Reported in 413 P.2d 818.

†Judge Langenbach is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

business with his father. This business has been sold and he is disposing of his stock in it. About 4 or 5 years ago, he fell in love with a bookkeeper in the office and marital discord soon arose in his family. He and this woman have admitted illicit relations and he may have been the father of one of her children while he was still living with the appellant as his wife.

There are eight assignments of error which raise three main questions: (1) whether grounds existed for granting him a divorce; (2) whether the court improperly sustained an objection to a question attempting to elicit the effect upon the children of the respondent's cohabitation with another woman in the immediate vicinity of the home; and (3) whether the court made a proper division of the property and adequate support payments for appellant and the children.

Inasmuch as both parties were awarded a divorce and the record substantiated the grounds, the first two questions merit no further attention. There will be no benefit by further inquiry into the past conduct of respondent.

In her last assignment, appellant complained of the division of the property and the support payments for herself and the children. The court found that the paternal grandfather had established a trust fund of approximately $10,000 for each child's future education and named the parties as trustees. The court awarded these funds in trust to appellant to administer for the care, education and support of the children.

The court also awarded the appellant the sum of $50 per month per child until and including the month of August after the child's graduation from high school. The support of a child is a primary and fundamental obligation and duty of a parent. This burden cannot be shunted aside because a generous grandparent had provided a $10,000 trust fund for each child for future educational purposes. Consequently, these funds cannot be invaded now for the care and support of these minor children. That part of the divorce decree must be set aside and these funds left unrestricted for their future educational needs.

The law is very clear that it is the obligation of parents to support their children and that there should be no support money paid from a child's estate, unless and until it is established that the parents are unable to adequately support that child. [Citing cases.] *In re Ivarsson,* 60 Wn.2d 733, 740, 375 P.2d 509 (1962).

Inasmuch as the duty of support devolves upon a parent, that support must be reasonable. In the circumstances of these parties and their children, the sum of $50 per month per child was not reasonable. That part of the decree of divorce must be modified to the extent that there shall be an award of $100 per month per child until the child attains the age of majority or becomes emancipated. There shall be no invasion of the trust funds for support purposes.

The appellant was awarded the home, furniture, an automobile, two small savings accounts and three life insurance policies or their proceeds. This totaled approximately $33,000. It may well be that the home might become too much of a financial burden to maintain in the future.

The respondent was awarded an automobile, his tools and equipment, personal effects and 249 shares of stock in his father's business company. The court found that 89 shares were community property and 160 shares were his separate property.

Appellant assigned error to the court's determination that 160 shares were his separate property. She argued this was also community property and she was entitled to one half of it. Be that as it may, the court had jurisdiction to make an equitable division of the property, separate as well as community, and the characterization of "separate" and "community" is not necessarily controlling. *Patrick v. Patrick,* 43 Wn.2d 139, 260 P.2d 878 (1953). It cannot be said as a matter of law, under the facts and circumstances of the case at bar, that the trial court abused its discretion in the division of the assets when the marriage was dissolved. The distribution seems to have been equitable. Both parties are in comparatively good health and each is capable of securing additional income.

The court allowed appellant the sum of $250 per month until she remarried. During the pendency of the action, she had been allowed the sum of $450 for the support of herself and children. Since the support for the children has been increased, this, in effect, restored the amount of the temporary support upon a permanent basis. There is no longer any legal basis for her complaint about her own support of $250 per month until she remarried.

In all other respects, the decree of divorce is sustained. Since the appellant has received substantial relief, she will be allowed her costs on appeal. It is so ordered.

ROSELLINI, C. J., OTT, HUNTER, and HALE, JJ., concur.