[No. 15693. Department One. April 5, 1920.]

*In the Matter of the Guardianship of* P. P. WOOD, *an Incompetent Person.*[1]

INSANE PERSONS (9) — GUARDIANSHIP — COMMUNITY PROPERTY — RIGHTS OF WIFE. Upon the mental incompetency of the husband, the wife should be appointed guardian of the community property owned by them; and it is an abuse of discretion to refuse her petition and appoint a stranger, where the property consisted of a ranch yielding a rental income, she had for several years largely borne the burden of its management and was of fair business ability.

SAME (17)—SALE OF PROPERTY—APPLICATION FOR ORDER—TIME FOR HEARING. It is not error to refuse to entertain an application for the sale of an incompetent's ranch at the time of hearing applicant's petition for the appointment of a guardian, in view of the statutory requirement (Laws of 1917, p. 703, § 212) of a petition filed by the guardian asking for authority to make such sale.

Appeal from a judgment of the superior court for Chelan county, Grimshaw, J., entered June 28, 1919, adjudging a person to be incompetent and appointing a guardian, after a hearing on the merits. Reversed.

*Fred Kemp,* for appellant.

*H. O. Parr,* for respondent.

[1]Reported in 188 Pac. 787.

PARKER, J.—Annie S. Wood petitioned the superior court for Chelan county to adjudge her husband, P. P. Wood, mentally incompetent, and for the appointment of herself as guardian of the community property owned by them, and also of his separate property if there be any. A hearing upon the merits resulted in a judgment of the court adjudging Mr. Wood to be incompetent and appointing W. O. Parr guardian of their community property, and also of his separate property, if there be any such property. Mrs. Wood has appealed from the judgment in so far as it ordered the appointment of W. O. Parr guardian, instead of herself as prayed for; it being contended in her behalf that she is entitled to be appointed guardian of the property as a matter of right, and that, in any event, the court abused its discretion in refusing to appoint her as such guardian.

The controlling facts, as we gather them from the record, the evidence upon which the court acted all being here, are not seriously in dispute. Mr. Wood is about eighty-three years old, while Mrs. Wood is ten years younger. There is no property of any consequence in which he has any interest, other than the community property owned by them as husband and wife, which consists of a ranch in Chelan county of the value of $25,000 or more, now yielding a rental income. Mrs. Wood has for several years largely borne the burden of managing this property, collecting the rents, paying the taxes, etc. It seems plain that she is a woman of comparatively fair business ability, economical, and conscientious. The management of their property does not call for any extraordinary business ability. It is true she is somewhat advanced in years, but it is apparent that her faculties are not impaired by age or any other cause.

Our statutes relating to guardianship of property of mentally incompetent persons do not specify who shall be entitled to such guardianship, so we shall assume for present purposes that the question of who shall be guardian in such cases rests in the discretion of the superior court. This discretion, however, must be exercised in the light of the nature of the property to be managed by the guardian, the relationship of the applicant to the incompetent person, and the interest the applicant has, if any, with the incompetent person in the property. Now to appoint a stranger guardian in this case is to appoint a guardian of property in which Mrs. Wood has a right and interest equal with Mr. Wood. Not only that, the property is not capable of being partitioned between them while the marital relation exists, so that she can acquire the independent control over her portion thereof. Good conscience and equity plainly dictate that the courts should be very slow indeed to withhold from the wife, in a case of this kind, control of community property. Were this a question of administration following the death of Mr. Wood, his wife's right to administer upon this property would exist as a matter of legal right, whether the property be community or separate property, save for some plain disqualification on her part, which clearly does not appear here. Laws of 1917, pp. 654, 656, §§ 49, 61. These sections, of course, are not controlling here; but in view of the fact that the situations are somewhat analogous, we think they are quite persuasive of the equitable right of Mrs. Wood to administer this guardianship, which the courts should be reluctant to deny. Those close to the incompetent by ties of marriage or blood have always been favored by the courts as suitable and proper guardians in such cases. Woerner, American Law of Guardianship, § 133. Manifestly this rule, generally applied where

the community property system is unknown, has even
more cogent reasons for its application under our com-
munity property laws. In the early decision in *Brotton
v. Langert*, 1 Wash. 73, 79, 23 Pac. 688, Judge Dunbar,
speaking for the court, said:

"So far the evident object of the law is, to place
husband and wife on an equal footing in relation to
property matters. Section 2409 is as follows: 'Prop-
erty not acquired or owned, as prescribed in §§ 2400
and 2408, acquired after marriage by either husband
or wife, or both, is community property. The hus-
band shall have the management and control of com-
munity personal property, with a like power of dispo-
sition as he has of his separate property, except he
shall not devise by will more than one-half thereof.'
This section discriminates in favor of one spouse only
so far as is actually necessary for the transaction of
ordinary business."

While this observation related to the management
of community personal property, it manifestly is
equally applicable to community real property, since,
apart from the power of disposition of real property,
the husband's management and control of it is, and
always has been, the same as of community personal
property. Rem. Code, §§ 5917, 5918. We are of the
opinion that the trial court, even conceding that the
appointment of a guardian is a matter within its dis-
cretion, erred in refusing to appoint Annie S. Wood
as prayed for. That is, that its refusal to appoint her,
under the circumstances as here shown, amounted to
an abuse of discretion.

Some contention is made in behalf of Mrs. Wood
that the trial court erred in refusing to entertain her
application for an order of sale of the ranch, she hav-
ing petitioned therefor and sought to have the matter
heard at the same time the question of Mr. Wood's
incompetency and appointment of a guardian for the

property was heard.    Since it seems that the sale of real property of a ward, whether a minor or an incompetent person, has generally been held to be a matter of statute only (Woerner, American Law of Guardianship, § 148), and since our statute relating to sales of real property by guardians provides for procedure looking to that end by the filing of a petition by the guardian and asking for authority to make such sale, (Laws of 1917, p. 703, § 212), we think the trial court did not err in refusing to entertain the question of a sale of the ranch with the question of Mr. Wood's incompetency and the appointment of a guardian for the property.

The judgment is reversed in so far as it orders the appointment of W. O. Parr guardian, and the case is remanded to the superior court for further proceedings in conformity with this opinion.

Mrs. Wood is entitled to her costs incurred in this court, payable out of the guardianship estate.

HOLCOMB, C. J., TOLMAN, MITCHELL, and MAIN, JJ., concur.