[No. 20646.  Department One.  September 21, 1927.]

MAE LOCKHART, *Respondent*, v. W. T. LOCKHART,
*Appellant.*[1]

[1] DIVORCE (75)—ALIMONY—MODIFICATION OF DECREE. It being un-
just, where the wife obtains an absolute divorce, to give her a
perpetual lien on the husband's future earnings, alimony
awarded against a husband whose only property was the good
will of his established dental business, should be limited to a
reasonable time and to such an amount as would compensate
her for any interest she has in the business; and where his
practice netted about five thousand a year and he had paid
alimony amounting to over $9,000, he should not be required to
pay over about $1,000 more, spread over the next fourteen months
(MAIN, J., dissenting).

Appeal from a judgment of the superior court for
King county, Stern, J., entered October 30, 1926, deny-
ing the discontinuance of alimony awarded by a decree
of divorce, after a hearing before the court.  Reversed.

*James R. Chambers,* for appellant.

*R. J. Meakim* and *D. V. Halverstadt,* for respondent.

FULLERTON, J.—The respondent, Mae Lockhart, and
the appellant, W. T. Lockhart, were formerly husband
and wife.  They were divorced by a decree of the su-
perior court of King county, entered September 1,
1920.  The appellant is a dentist by profession, and
from a time some years prior to the entry of the decree
of divorce, had conducted, and now conducts, a dental
office in the city of Seattle.  At the time of the entry
of the decree, the parties agreed upon a property set-
tlement.  The decree is silent as to the terms of the
settlement, further than it provides that the appellant
shall pay to the respondent as alimony the sum of
two hundred dollars per month, for a period of nine

¹Reported in 259 Pac. 385.

months following the date of the decree, and the sum
of one hundred and fifty dollars per month thereafter,
until the further order of the court, and awards to the
respondent the household furniture belonging to the
parties.

The evidence at the present hearing, however, dis-
closes that the appellant was given the dental office
furnishing and an automobile, which had an aggregate
value of some eight hundred dollars. He had, further-
more, by his skill, energy and attention to his pro-
fession, established a dental practice which netted ap-
proximately five thousand dollars per year, and the
good will which usually follows such a practice also
went to his share. The respondent was given the re-
mainder of the property. There is a conflict in the
testimony as to its value, but it, at the lowest valuation,
greatly exceeded the value of the physical property
taken by the appellant. The appellant paid alimony
in accordance with the terms of the decree to October
1, 1924, the payments so made totalling $9,100.

In this proceeding, the appellant sought to be re-
lieved from further payments on the alimony award.
The cause was first heard by a court commissioner of
King county. The evidence at the hearing developed
that the appellant had turned over to the respondent
certain endowment life insurance policies, aggregating
four thousand dollars, which had not matured, and on
one of which the appellant had borrowed the sum of
three hundred and fifty dollars, that remained unpaid.
The commissioner directed that the appellant pay to
the respondent the sum borrowed from the insurance
company; that he pay to her the accruing premiums
on the life policies until they matured; that he pay
alimony in accordance with the terms of the decree for
the months of November and December, 1924; that,
for the year 1925, he pay to the respondent seventy-

five dollars per month for the first six months and fifty dollars per month for the remaining six months, the payments to cease at that time; and that, if the respondent remarried, all alimony payments to cease on the happening of that event.

Neither party was satisfied with the order of the commissioner, and each sought a review thereof by the superior court. The superior court heard the cause on the evidence taken by the commissioner, and set the order of the commissioner aside. It directed that the appellant pay, with the accrued interest, the money borrowed on the life insurance policy and pay to the respondent the sum of one hundred dollars per month, beginning with the month of November, 1924, until the further order of the court; the payments to cease, if the respondent remarried. The appeal is from the decree of the superior court.

[1] While the evidence taken at the hearing was somewhat extensive, we think we need not review it at length. Its examination convinces us that the better and more just decree is that of the court commissioner. In this state, where the marital relation is disturbed by the fault of the husband, the wife has a choice of remedies, she may apply for separate maintenance or she may apply for an absolute divorce. In the former instance, it is but just that she should have a separate share of her husband's earnings so long as he continues in his objectionable conduct. But there is in every such instance, what the law always favors, the hope of a reconciliation and a resumption of the marital relation. But where the wife applies for and obtains an absolute divorce, this hope is gone, and there is but little more for the court to consider than a just division of the common property. It is not the policy of the law, nor is it either just or equitable, that a divorced wife be given a perpetual lien upon her divorced husband's

future earnings. She has chosen to go her own way, to abandon all the obligations she assumed by her marital vows, and it is only under the most unusual circumstances that she can rightfully call upon him to continuously contribute to her support.

These circumstances are not present here. True, the respondent claims that she has a physical ailment that prevents her from engaging in certain forms of occupation that she might engage in for her support, but it is not a trouble with which she became afflicted during her married life. It antedated her marriage, and cannot be charged to any fault of the appellant. She contends, furthermore, that the dental business was the property of principal value at the time of the divorce, and that, as this went to the appellant, she is entitled to a just share of its earnings. Were the business such a one as would earn a profit without the labor of the appellant, there might be some justification for the claim. But it is not such a business. It has value only because he gives to it his personal efforts and attention. The good will of such a business usually follows the person, and should the appellant abandon it, it would be worth but little, if any, more than it would cost to furnish an office of like kind. It is our conclusion, therefore, that the sums the appellant has now paid the respondent, together with the sum he is required to pay under the commissioner's order, will fully compensate her for any interest she has in the business.

The cause has been long delayed in its course to this court. The amounts payable by the terms of the commissioner's order are now overdue. It may be an undue hardship on the appellant to satisfy them in a single payment. The cause will be remanded, therefore, with instructions to inquire into the conditions and enter such a decree as the circumstances warrant.

The decree will be so framed as to relieve the appellant of any further liability after he pays to the respondent the sums awarded her by the commissioner without interest, save interest on the sum borrowed, if it still remains unpaid.

Reversed and remanded.

MACKINTOSH, C. J., FRENCH, and MITCHELL, JJ., concur.

MAIN, J., (dissenting).—It is my opinion that the judgment of the trial court in this case is right and should be affirmed. I therefore dissent.