[No. 29315. Department One. June 27, 1944.]

LAWRENCE WARNING, *Appellant*, v. KATIE WARNING,
*Respondent*.[1]

*Brown & Huneke*, for appellant.

*Bernard A. Johnson*, for respondent.

BEALS, J. — During the year 1939 Lawrence Warning brought suit against his wife, Katie Warning, for divorce, the action having been instituted before the superior court for Spokane county. January 13, 1940, the court entered an interlocutory order, adjudging that the plaintiff was entitled to a decree of divorce, awarding to the defendant a house and lot and the furniture therein, situated in the town of Hillyard, awarding plaintiff certain property, and decreeing that plaintiff pay to defendant fifty dollars per month by way of alimony "until the remarriage of defendant or until further order of court." Defendant was also awarded an attorney's fee. It appeared that the parties had no children. From this interlocutory order, the plaintiff, Lawrence Warning, appealed to this court, which affirmed the order September 17, 1940. *Warning v. Warning*, 5 Wn. (2d) 398, 105 P. (2d) 715.

During the month of January, 1942, Mrs. Warning asked the court for an order increasing her monthly award to seventy-five dollars per month. Mr. Warning countered with an application to reduce the alimony. February 19, 1942, an order was entered denying both applications, and requir-

[1]Reported in 150 P. (2d) 64.

ing Mr. Warning to continue to pay Mrs. Warning fifty dollars per month, as directed in the interlocutory order.

August 28, 1943, Mr. Warning petitioned the court for the entry of an order terminating payments of alimony which he had been making pursuant to the orders above referred to. Mrs. Warning answered the petition, asking that the alimony payments be increased to eighty-five dollars a month, also asking for an allowance by way of attorney's fees. A hearing was had on oral testimony, with the result that January 25, 1944, the trial court entered an order reducing the payments on account of alimony to be made by Mr. Warning to twenty-five dollars a month, commencing with the month of March, 1944, and allowing Mrs. Warning a small attorney's fee. From this order, Lawrence Warning has appealed, assigning error upon the refusal of the trial court to enter an order terminating the payment of alimony by him to his former wife.

Appellant contends that his financial situation and that of respondent require the termination of all alimony payments, and that the trial court abused its discretion in refusing to enter an order as demanded by appellant. It is also argued that the order entered is not supported by the evidence before the court, and does not follow the law of the case as pronounced by this court in its opinion above referred to.

The facts as they existed at the time of the entry of the interlocutory order are stated in the opinion of this court above cited.

In the divorce case respondent was awarded the family home, with its furniture, worth then, as appellant contends, from eighteen hundred to two thousand dollars. Appellant values the property which he received at that time at approximately six hundred dollars.

Respondent, called by appellant as an adverse witness, testified that she was living in the home which had been awarded her in the divorce action, and that the property was free from encumbrance, all the taxes against the same having been paid. Respondent's mother, seventy-five years of age, was living with her, her mother being the recipient

of a pension in the sum of forty dollars per month. Respondent further testified that, for some time prior to April, 1943, she had been employed in a restaurant, receiving a net wage of fifteen dollars per week; that at the time of the hearing she was in the employ of the Great Northern Railroad as a car sweeper, for which she was paid sixty-eight cents an hour. She testified that this was merely temporary work, but in this she was apparently in error, as the court later in the trial stated that the position carries with it the usual seniority rights. Respondent, who was forty-six years of age at the time of the trial, testified that her back troubled her, and that she could not do heavy lifting. From a certificate filed by a physician who examined respondent at the request of appellant's counsel, it appears that her back is somewhat deformed, and that her complaints of pain are probably to some extent well founded.

Appellant, testifying on his own behalf, stated that he was a locomotive engineer in the employ of the Great Northern Railroad, his employment having continued twenty-eight years; that he was working as an extra engineer, earning approximately three hundred dollars a month; that he had no other source of income; that his occupation required him to be frequently away from home, which required an extra expense of about sixty dollars a month; that he had remarried in 1940, and had purchased a small home for which he was paying by the month; that his wife had a daughter sixteen years of age, who was in school, and who was sometimes employed.

The trial court was of the opinion that respondent had not yet reestablished herself in any permanent position, and expressed the opinion that the payment of alimony by appellant should not at that time be discontinued. The court, however, reduced the payments from fifty to twenty-five dollars per month.

In the opinion of this court on appellant's appeal from the interlocutory order of divorce (*Warning v. Warning, supra*) is found the following:

"Our attention is called to the case of *Lockhart v. Lockhart,* 145 Wash. 210, 259 Pac. 385, where it was said, in effect,

that it was against the policy of the law to give a divorced wife a perpetual lien upon her divorced husband's future earnings, except under the most unusual circumstances. That was said, however, in a case where the wife brought the action, and in the opinion it was pointed out that it would be but just, in the case of separate maintenance, to allow the wife to share a portion of the husband's earnings so long as he should continue in his objectionable conduct. In this case, it was the appellant husband that brought the action for divorce, and not the respondent. In the cross-complaint of the respondent, she resisted the action for divorce and sought a decree for separate maintenance.

"If this distinction be not sound, then, from the facts above stated, taking into consideration the condition of the respondent's health and the fact that, even though her health be restored, it would take her some time to be able to reestablish herself as a beauty parlor operator, this would be an unusual circumstance. The trial court did not err in decreeing that the alimony should continue until the further order of the court."

Appellant strongly relies upon the *Lockhart* case and upon the portion of the opinion in the case of *Warning v. Warning* above quoted.

While we are in accord with the principles stated in the *Lockhart* case and other of our decisions in which that case has been quoted with approval, we are not inclined to reverse the order here appealed from, by which the trial court reduced by one-half the future alimony to be paid by appellant. The trial court patiently heard the testimony introduced by the respective parties, and filed a memorandum opinion which is included in the statement of facts.

The present alimony which appellant is paying is still subject to termination at any time by order of court.

The record discloses no reason for reversing the order appealed from, and the same is accordingly affirmed.

SIMPSON, C. J., STEINERT, JEFFERS, and GRADY, JJ., concur.

September 5, 1944. Petition for rehearing denied.