[No. 32081. Department One. July 31, 1952.]

LAWRENCE WARNING, *Appellant*, v. KATIE WARNING, *Respondent*.[1]

*L. H. Brown*, for appellant.

*Geo. W. Young* and *Jack R. Dean*, for respondent.

DONWORTH, J.—The parties to this appeal have appeared in this court on two previous occasions. See *Warning v. Warning*, 5 Wn. (2d) 398, 105 P. (2d) 715, and *Warning v. Warning*, 21 Wn. (2d) 85, 150 P. (2d) 64.

Appellant (the former husband) was granted an interlocutory order of divorce from respondent January 13, 1940, in which he was ordered to pay respondent fifty dollars per month alimony until further order of the court. Upon appeal, we affirmed this order.

Appellant made these alimony payments accordingly, and in October, 1943, a hearing was had in the trial court upon his petition for a termination of alimony and upon respondent's cross-petition to increase the payments to eighty-five dollars per month. This hearing resulted in an order entered

[1] Reported in 247 P. (2d) 249.

January 25, 1944, reducing the alimony to twenty-five dollars. Another appeal followed, and the order of the trial court was again affirmed.

Following his second appeal, appellant paid to respondent alimony in the sum of twenty-five dollars per month pursuant to the last mentioned order. On August 10, 1951, he filed his second petition in the superior court to have the alimony payments terminated. Respondent moved that the alimony be increased from twenty-five dollars to one hundred dollars per month. A trial was had November 8, 1951, at the conclusion of which the trial court gave its oral opinion that the alimony should not be terminated but should be increased to the sum of fifty dollars per month. Findings of fact, conclusions of law, and an order increasing alimony to fifty dollars per month until further order of the court were subsequently entered. The former husband has again appealed.

The material parts of the trial court's findings of fact are as follows:

"6. On January 25, 1944, and for some time prior thereto, the defendant had been gainfully employed. She was earning approximately $29.00 per week. Part of her employment was with the Great Northern Railway Company as a car sweeper which gave her seniority rights. She was then in somewhat of a weakened condition because of a back disease accompanied with arthritic changes in her spine.

"7. For several years following the 25th of January, 1944 the defendant worked at hard manual labor and for several years took care of an invalid aged mother.

"8. Defendant's physical condition has deteriorated since that which obtained in January, 1944 to where she is now wholly incapable of doing any manual labor whatsoever. For several years last past she has been unemployed. Her physical condition renders her unemployable except for occasional odd jobs. She is wholly without income except that which is paid under the modified interlocutory order of divorce. Her needs have materially increased since the 25th of January, 1944.

"9. On the 25th of January, 1944 the plaintiff was earning a gross income of $300.00 per month. At and for some time prior to the hearing on this matter he was and is earning a gross income in excess of $500.00 per month. In January of

1944 and for several years following, the plaintiff was charged with the obligation of rearing and educating a 16 year old stepdaughter. The stepdaughter has since that time and prior to the hearing married and become emancipated. Until about 1948 the plaintiff was continuously making house payments in the sum of between $30.00 and $35.00 per month. He is now no longer obligated to make such payments. The plaintiff is in good health. He is a locomotive engineer with a retirement program or plan. He has permanent and assured income and employment. His financial ability to pay has materially increased.

"10. The needs of the defendant require that the amount of alimony originally granted her be restored to her in the sum of $50.00 per month."

Appellant assigns as error the making of findings of fact Nos. 8 and 10 and the refusal of the trial court to make several of his requested findings of fact.

Our review of the evidence convinces us that the trial court's findings are fully supported thereby. Appellant's proposed findings are either not supported by a preponderance of the evidence, are covered by the court's findings, or relate to matters not material to the issue whether there had been a material change in the conditions and circumstances of the parties arising subsequent to the entry of the order of January 25, 1944.

The trial court's findings must be sustained if they cover all of the issues and support the judgment rendered. *Dillabough v. Okanogan County,* 105 Wash. 609, 178 Pac. 802. The court need find only the ultimate facts concerning the material issues, and error cannot be predicated upon the refusal of the trial court to find evidentiary facts. *Keller v. Waddington,* 142 Wash. 474, 253 Pac. 646; *Phelps v. Phelps,* 2 Wn. (2d) 272, 97 P. (2d) 1080; *Williamson v. United Brotherhood of Carpenters & Joiners of America,* 12 Wn. (2d) 171, 120 P. (2d) 833.

Appellant relies, as in his two former appeals, upon *Lockhart v. Lockhart,* 145 Wash. 210, 259 Pac. 385, wherein we said that it was against the policy of the law to give a divorced wife a perpetual lien upon her divorced husband's future earnings, except under the most unusual circum-

stances. He argues that alimony was awarded at the time of the divorce in 1940 for the purpose of enabling respondent to re-establish herself as a beauty operator, that respondent has not made any attempt so to do, and that, since twelve years have elapsed without her having done anything to establish herself as a beauty operator, he should be relieved from making any further payments of alimony.

We have distinguished the *Lockhart* case or have refused to follow the rule declared therein in the following cases: *Underwood v. Underwood,* 162 Wash. 204, 298 Pac. 318; *Bartow v. Bartow,* 12 Wn. (2d) 408, 121 P. (2d) 962; *Duncan v. Duncan,* 25 Wn. (2d) 843, 172 P. (2d) 210 (see separate concurring opinion of Simpson, J.); as well as in the two prior appeals in this case. We have inferentially adopted the policy of the *Lockhart* case in *Murray v. Murray,* 26 Wn. (2d) 370, 174 P. (2d) 296.

The policy declared in the *Lockhart* and *Murray* cases rests upon their particular facts; it cannot be applied to the present case. Here, the parties had been married for nineteen years; the husband, not the wife, sought and obtained the divorce, which was granted upon the sole ground that the wife had inflicted upon him personal indignities and humiliated him in public by making false accusations of intimacy with other women. The trial court, in granting the divorce to appellant, expressly found that respondent had in all other respects been a good, dutiful, and loving wife.

Since the divorce and until the death of her paralyzed mother in February, 1951, respondent has worked at hard manual labor. She worked for nine months in 1944 sweeping out box cars. Following that, she worked as a waitress in restaurants for four years. The next three years she remained home taking care of her mother, who was in a helpless condition.

Her physical condition, as testified to by two medical witnesses (one of them being called by appellant), has for many years been impaired by reason of a deformed or "hump" back. Her ability to do heavy work has progressively deteriorated since 1944 to the extent that, because of

an arthritic condition, she is now unable to accept steady employment. She can work only one or two hours per day at light house work.

The testimony at the hearing showed that respondent was living in the same house that had been occupied by the parties prior to the divorce. It is in a poor state of repair and is worth between $3,500 and $4,000. The furniture is twenty-nine years old. Living with her are two brothers who are employed part of the time and earn modest and rather uncertain incomes. They buy groceries and rustle firewood and do physical work around the home. Respondent testified that if it were not for her brothers' help she would have to seek public assistance.

Respondent has no steady income except the twenty-five dollars per month alimony provided in the order of January 25, 1944. We may take judicial notice of the shrinkage in the purchasing power of the dollar in the past eight years. *Thompson v. Seattle,* 35 Wn. (2d) 124, 211 P. (2d) 500. While the increase in alimony awarded by the order appealed from, measured in dollars, is one hundred per cent, measured in purchasing power there is little, if any, increase.

On the other hand, appellant's earnings have almost doubled since 1944 until he is now earning considerably in excess of five hundred dollars per month and his financial burdens have become less. He remarried in 1941 and is living in comparative comfort with his present wife. Under such circumstances, the trial court did not abuse its discretion in refusing to terminate the alimony and in doubling the amount thereof.

We are unable to agree with appellant's contention that alimony was awarded to respondent at the time of divorce for the sole purpose of enabling her to re-establish herself as a beauty parlor operator. While the beauty parlor business is mentioned in our opinion upon the first appeal in this case, we quote here the trial court's finding of fact upon that matter which was entered on January 13, 1940:

"X

"That while defendant was a beauty parlor operator and has in the past procured a license as such to do beauty work in. her home, she has not actively followed this occupation for a long time and that she has no equipment to pursue such occupation, and that even if she did procure the re-issuance of a license she could in all probability earn only about the sum of $5.00 per month."

Appellant complains because the trial court refused to admit in evidence a copy of the record on appeal from the order of January 25, 1944. If this was error, it was harmless. We have read the rejected record and find nothing therein which is of aid to appellant on this appeal.

Appellant also complains because the court permitted counsel for respondent, in his examination of the two physicians who testified, to inquire relative to two operations respondent had in 1940. It is appellant's position that anything occurring prior to the 1944 hearing was not within the issues. The examination permitted, however, was harmless and was upon a subject first opened up by appellant. The assignment of error is without merit.

The trial court had the advantage of observing the parties and hearing their testimony. We cannot hold, from our examination of the record, that it abused its discretion in granting this modest increase in alimony payments.

The order appealed from is affirmed.

Respondent's motion for an attorney's fee for services on this appeal is granted in the sum of two hundred fifty dollars. No allowance will be made for counsel's travel expense.

It is so ordered.

HILL, MALLERY, GRADY, and WEAVER, JJ., concur.