[No. 34355. Department One. December 26, 1957.]

G. W. ROBERTS, *Respondent,* v. BESSIE ROBERTS, *Appellant.*[1]

*Charles T. Sharp* (*J. H. Felton,* of counsel), for appellant.

*S. Dean Arnold,* for respondent.

[1]Reported in 319 P. (2d) 545.

WEAVER, J.—Defendant wife appeals from a decree which grants plaintiff husband a divorce; denies her prayer for separate maintenance; and allows her "$50.40 per month for a period of 19 months commencing with the month of February, 1957."

Plaintiff and defendant had known each other for about ten years and had "kept company" on occasions during that period. A week or ten days prior to marriage, defendant visited plaintiff at his home. Marriage was discussed. It was not the first time the parties had discussed matrimony.

It was a matter of concern to defendant that, if she married, she would irrevocably forfeit her right to a monthly pension, in the sum of $50.40, as a widow of a service man of World War I. Defendant supplemented her pension by occasional work at a laundry and as a housemaid. Plaintiff testified he told defendant

" . . . you think it over, Bessie, and think it over good, take your time, don't be in any hurry whatsoever, and then when you have made up your mind you come back and let me know."

Defendant came back, four or five days later, and they were married June 12, 1956.

At the time of marriage, plaintiff, nearly 67 years of age, was unemployed, had a modest competence, and received social security benefits. He was suffering from nervous deafness, a gastric condition, a disease of the nose, and recurring headaches. He had been a widower for thirty years.

Defendant was 55 years of age and had been a widow for sixteen years.

Marital felicity was short lived. Defendant left plaintiff's home August 16, 1956, approximately two months after marriage. It would accomplish nothing to set forth the conflicting testimony from which the court found

"That Defendant has been guilty of cruel treatment of Plaintiff and personal indignities rendering Plaintiff's life burdensome in that Defendant was quarrelsome, that Defendant refused to give adequate consideration to Plaintiff's impaired physical condition and that Defendant left Plaintiff's home on August 16, 1956, and without just cause or

provocation, has failed, refused and neglected to return notwithstanding the efforts of the Plaintiff to effect a reconciliation."

The evidence does not preponderate against this finding of fact. It supports the conclusion that plaintiff is entitled to a decree of divorce. See *Detjen v. Detjen,* 40 Wn. (2d) 479, 244 P. (2d) 238 (1952).

■ To be entitled to separate maintenance, a wife must show (a) that her husband abandoned her without cause, or that she was compelled to live apart from him because of conduct on his part which, in law, constituted an abandonment; and (b) that, having the ability to support her, he neglected or refused to do so. See *Loeper v. Loeper,* 81 Wash. 454, 142 Pac. 1138 (1914). Defendant's evidence does not meet this test; on the contrary, the court found that she left the home of plaintiff without just cause or provocation.

■ This court has said many times that there is no fixed rule on the question of the allowance of alimony, and each case must necessarily depend upon its own facts and circumstances. *Memmer v. Memmer,* 27 Wn. (2d) 414, 419, 178 P. (2d) 720 (1947), and cases cited.

"Where it appears that the trial court has fully considered all the facts and circumstances of the particular case, and has reached a solution thereof, the decision of that court will not ordinarily be disturbed unless it is clearly erroneous." *Memmer v. Memmer, supra.*

■ The oral decision disclosed that the trial court carefully weighed all the facts and circumstances and, after such consideration, allowed alimony to defendant as heretofore noted. Under these circumstances, we cannot say that the allowance was palpably erroneous or an abuse of discretion.

The court allowed defendant seventy-five dollars attorney's fees *pendente lite.* The decree of divorce awarded her three hundred dollars attorney's fees and court costs. Her right thereto is substantiated by the record. See *Koon v. Koon,* 50 Wn. (2d) 577, 313 P. (2d) 369 (1957).

 Pending appeal, the trial court allowed defendant two hundred fifty dollars for temporary attorney's fees and costs on appeal. On the record before us, we deem this an adequate allowance for attorney's fees; however, defendant will be entitled to her statutory costs in this court. RCW 26.08.090.

The decree is affirmed.

HILL, C. J., MALLERY, FINLEY, and OTT, JJ., concur.