[No. 35052. Department One. September 24, 1959.]

PATRICIA W. MANZER, *Respondent*, v. TILDEN T. MANZER, *Appellant*.[1]

*Wayne A. Wyman,* for appellant.

[1]Reported in 344 P. (2d) 212.

ROSELLINI, J.—This is a divorce action brought by the respondent wife, alleging cruel treatment on the part of the appellant. The parties were married in 1942 and have three minor children. After a hearing on the merits, the court entered findings of fact, significant among which are the following:

". . . both parties are fit, proper and suitable persons to have the care, custody and control of the minor children of the parties hereto.

"Although there was a great amount of subjective expressions of dissatisfaction and cold treatment of each spouse as to the other, the Court finds they are both responsible for the situation in which they find themselves; that plaintiff's relations with Mr. Watts, amounts to nothing and was caused by what plaintiff deems cold treatment on behalf of the defendant; that plaintiff's own personality affects the defendant and the way he acts; that both are to blame for the situation and each are inadequate to the problems of marriage. The parties have occupied separate bedrooms in the family home for over a year and have not been intimate as husband and wife for a period of several years. The Court notes that a letter was filed by a psychiatrist but the latter is not taken as evidence in this cause and the Court does not consider such letter in the rendering of this opinion. The Court does not find facts constituting cruel treatment or personal indignities by defendant rendering life burdensome to plaintiff, nor has there been an abandonment or non-support as required by the statute providing for grounds of divorce; the Court does find however that plaintiff's emotions and feelings have become so strained and disturbed that it is necessary to separate the parties under a decree of separate maintenance.

"That the defendant has at all times expressed a willingness to continue the marital relationship and to provide for plaintiff according to his means, and has sought reconciliation."

Upon these findings, the court entered a decree of separate maintenance, requiring the appellant to leave the family home and to pay the sum of $225 per month as child support. The appellant contends that the findings are inadequate to support this judgment.

We are in agreement with this contention. It is the well-established rule in this jurisdiction that, to be

entitled to separate maintenance, a wife must show that her husband abandoned her without cause, or that she was compelled to live apart from him because of conduct on his part which, in law, constituted an abandonment, and that, having the ability to support her, he neglected to do so. *Short v. Short, ante* p. 284, 340 P. (2d) 168; *Roberts v. Roberts,* 51 Wn. (2d) 499, 319 P. (2d) 545; *Cohn v. Cohn,* 4 Wn. (2d) 322, 103 P. (2d) 366. In the latter case, quoting from McKay, Community Property (2d ed.) 863, § 1337, this court gave the rationale of the equitable remedy of separate maintenance as follows:

" 'A suit for separate maintenance is based on the husband's general duty to maintain the wife, and his refusal to perform this general duty in a proper manner; the decree for separate maintenance merely makes specific this general duty, and directs certain definite payments to be made at regular intervals, for the wife's support . . ."

In other words, the decree of separate maintenance is proper only where the parties are separated, and are separated because of the husband's conduct and where, in addition, he refuses to support the wife. The findings in this case do not show such facts to exist; on the contrary, they show that the appellant did not abandon the respondent, that he was not guilty of cruel treatment or personal indignities, and that her dissatisfaction was no more his fault than her own. Furthermore, the court found that the appellant had at all times expressed a willingness to continue the marital relationship and to provide for the respondent according to his means, and had sought reconciliation. There was no finding that he had failed to support the respondent at any time.

This being the case, the court was presented with no legal or equitable ground on which to enter a decree of separate maintenance.

The judgment is therefore reversed and the action dismissed.

WEAVER, C. J., MALLERY, FINLEY, and FOSTER, JJ., concur.