[No. 35514.    Department Two.    February 9, 1961.]

RUTH IOLA HOFFMAN, *Appellant*, v. FRANKLIN A. HOFFMAN, *Respondent*.[1]

*Bell, McNeil & Bowles,* for appellant.

*Corbett, Siderius & Lonergan,* for respondent.

ROSELLINI, J.—This action was brought by the appellant, asking for a decree of separate maintenance and alleging cruelties inflicted upon her by her husband prior to his commitment to an institution for the insane. There was no allegation that he had failed or refused to support her; and it appears from affidavits in the record that a guardian had been appointed to manage her husband's estate and that she was given possession of the family home and personalty and was provided support. The court entered a summary judgment dismissing the action for the reason that a wife does not have a cause of action for separate maintenance against her adjudicated incompetent husband.

The argument of the appellant is confined to a contention that she can maintain an action for separate maintenance, even though her husband is presently insane, if before he became insane, he committed acts which made it impossible for the parties to live together. We find it unnecessary to discuss this contention, however, since the complaint does not state facts entitling the appellant to maintain the action.

[1] Reported in 359 P. (2d) 153.

■ A decree of separate maintenance is proper only where the parties are separated, and are separated because of the husband's conduct and where, in addition, he refuses to support the wife. *Manzer v. Manzer,* 54 Wn. (2d) 662, 344 P. (2d) 212; *Roberts v. Roberts,* 51 Wn. (2d) 499, 319 P. (2d) 545. Since the complaint in this action is devoid of any allegation that the respondent refused or failed to support the appellant, the demurrer was properly sustained.

It is evident that this action was brought for one purpose, and that was to gain control of the community property. The appellant's remedy lies in the probate court. This court has laid down the rule that, upon the mental incompetency of the husband, the wife should be appointed guardian of the community property owned by them, unless she is incompetent to handle it. *In re Wood,* 110 Wash. 630, 188 Pac. 787. As we said in that case, those close to the incompetent by ties of marriage or blood have always been favored by the courts as suitable and proper guardians in such cases.

The judgment is affirmed.

FINLEY, C. J., HILL, FOSTER, and HUNTER, JJ., concur.