[No. 35766.   Department Two.   March 15, 1962.]

WENDAL A. MORGAN, *Appellant,* v. MARIAN MORGAN, *Respondent.**

* Reported in 369 P. (2d) 516.

*William J. Powell* (of *Graves, Kizer & Gaiser*), for appellant.

*Robert D. McGoldrick,* for respondent.

DONWORTH, J.—Appellant husband appeals from a decree of divorce awarding his wife $150 per month alimony in an action where both parties were awarded divorces. In addition, he appeals from an order giving his wife attorney fees and costs on appeal.

Appellant is 51 years of age, respondent 50. There are two children of the marriage, both married and self-supporting. Appellant is presently working as a civil engineer, making about $12,000 a year. Respondent has a master's degree in education, and is presently working as a public school teacher in Spokane at a salary in excess of $5,500 per year. The parties had about $22,500 worth of community property, which the trial court divided by its decree, so that appellant received property worth approximately $9,000[1] and respondent received property worth approximately $13,000. By the terms of the decree, respondent received the home,[2] furniture, a savings account containing over $2,000, and an automobile as her share of the community property. In addition, the wife was awarded $150 per month alimony until her remarriage or further order

[1] In addition, appellant was awarded two life insurance policies on his life (term insurance having no cash value) which are payable at death in the total sum of $35,000.

[2] The home was referred to by the trial court in his oral decision as a "law suit." The court said:

"The evidence did not disclose whether the household goods were paid for or not, but so far as the house is concerned, she is not getting very much outside of a lawsuit. I fear she is going to have a considerable job paying this mortgage as she goes along, even though it is only at four and a half per cent interest."

The only expert witness who testified expressed the opinion that the house was worth between $14,250 and $15,500. At the time of the trial, the home was subject to a mortgage of $12,000.

of the trial court. (Pending the disposition of this appeal, appellant has been paying respondent $150 per month, pursuant to the decree of divorce.)

The assignments of error in this appeal concern only the alimony award and the allowance of $200 temporary attorney's fees and temporary costs pending appeal.

Appellant relies for reversal principally on our decision in *Young v. Young*, 47 Wn. (2d) 497, 288 P. (2d) 463 (1955), which he claims is exceptionally comparable to the present case on its facts.

In that case the parties had accumulated $86,000 worth of income-producing securities which the court divided equally between them. The wife's take-home pay was less than one half of that presently being earned by respondent. The trial court had granted Mrs. Young $150 per month alimony until further order of the court.

On appeal, this court modified this award of alimony by directing that the payment of alimony should cease upon Mrs. Young's remarriage or the expiration of a period of three years from the date of filing this court's decision. The reasoning of the majority opinion in thus disposing of the issue was stated as follows:

"The reason for the allowance of one hundred fifty dollars per month alimony to the wife is found in the memorandum opinion of the trial judge. He commented:

" 'Can it be said that from here on, having attained during the marital relationship, the success that he has, having equipped himself with the aid of his wife, for the profession that he finally embarked upon and having accumulated the estate that has been accumulated here, that what he possesses now as of this moment is his and his alone from this moment on or from the moment that a decree is entered? I don't think it would be equitable and fair to make or concede that proposition.'

"More specifically, the problem is whether the disparity between the training and earning power of the parties justifies an allowance of alimony to the wife under the factual situation of this case.

"We have said many times that each case of this nature must necessarily depend upon its own facts and circumstances. *Memmer v. Memmer*, 27 Wn. (2d) 414, 419, 178

P. (2d) 720 (1947). The allowance of alimony is not governed by a fixed rule. For these reasons, prior decisions are helpful, but not necessarily controlling.

"When the physical income-producing property of each party is substantial, and when each party is trained in a profession and has the ability to earn and is earning a living, it is not the policy of the law to give a wife a perpetual lien upon her divorced husband's future earnings which arise from his personal efforts. This is but another way of saying that the necessity for alimony does not exist.

"Under facts comparable to those of the instant case, this court, in *Lockhart v. Lockhart,* 145 Wash. 210, 259 Pac. 385 (1927), discontinued alimony payments to the wife. We are not unaware that the *Lockhart* case has been distinguished and criticized a number of times (*Warning v. Warning,* 40 Wn. (2d) 903, 906, 247 P. (2d) 249 (1952), and cases cited); but it has not been overruled, and those cases wherein its doctrine was not applied may be distinguished by their facts from this case.

"Under somewhat similar circumstances, no alimony was allowed to the wife in *Lane v. Lane,* 170 Wash. 215, 16 P. (2d) 206 (1932), and in *Memmer v. Memmer, supra.* In *Murray v. Murray,* 26 Wn. (2d) 370, 378, 174 P. (2d) 296 (1946), alimony payments were terminated at a fixed date, after the filing of the court's opinion.

"Although the separation of the parties as man and wife has been an accomplished fact for some time, the wife is still subject to the uncertainties and adjustments of a transition period. We, therefore, conclude that the monthly payments of alimony shall cease upon her remarriage or upon the expiration of three years from the date this opinion is filed, whichever shall occur first."

Respondent points out the disparity between the amount of income-producing property awarded the wife in the *Young* case and the property awarded respondent as being a distinguishing feature. However, no mention is made of the fact that respondent is earning more than twice the salary which Mrs. Young was earning.

■ Alimony is not a matter of right. When the wife has the ability to earn a living, it is not the policy of the law of this state to give her a perpetual lien on her divorced husband's future income. *Warning v. Warning,* 40 Wn. (2)

903, 247 P. (2d) 249 (1952); *Lockhart v. Lockhart,* 145 Wash. 210, 259 Pac. 385 (1927).

■ The criterion adopted by this court for the allowance of alimony includes two factors: (1) the necessities of the wife, and (2) the financial ability of the husband. *Murray v. Murray,* 26 Wn. (2d) 370, 174 P. (2d) 296 (1946); *Duncan v. Duncan,* 25 Wn. (2d) 843, 172 P. (2d) 210 (1946).

It is not clear what the basis was for the trial court's award of alimony. The only "finding of fact" in support of that award was finding of fact No. 8:

"The court finds that the defendant wife is entitled to alimony, and that the circumstances of the parties justify an award of alimony at the rate of $150 per month until her remarriage or until further order of this Court."

Appellant urges that the award of alimony was based on the trial court's feeling that the emotional strain resulting from the breakup of a twenty-six year marriage and from teaching school (which made her nervous) might very well adversely affect respondent's health to such an extent that she could no longer continue to earn a living. If that were the case, the alimony award must have been placed in the decree in order to provide security for respondent and to protect her from possible incapacity to earn a livelihood *in the future.*

■ We agree with appellant that there is neither evidence in the record nor a finding of fact to support an alimony award on such a conjectural basis. Respondent's health insurance and retirement benefits provide her with a measure of security. There is no evidence of an existing or reasonably anticipated future impairment of respondent's health that now adversely affects her earning capacity. It is, therefore, clear that a finding of *necessity,* upon which an award of alimony depends, cannot be based upon the conjectural possibility of a future change in circumstances.

As appellant states in his brief:

" . . . Should her health so decline in the future that she could no longer support herself in this manner, appellant concedes that, all other factors being unchanged, prob-

able cause would exist for modification of the decree due to changed circumstances. . . ."

If the trial court awarded alimony because of its impression that respondent required an additional $150 per month to continue the standard of living which she had enjoyed as appellant's wife, this was not a proper legal basis for making the award.

It is true that respondent testified that she would need $250 per month more than she was earning in order to continue her previous standard of living. But this court has inferentially rejected this test as a measure of the wife's need for alimony. See *Young v. Young, supra,* and *Murray v. Murray* and *Lane v. Lane* cited therein.

For the reasons stated above, the trial court erred in awarding respondent any alimony under the undisputed facts shown in this record.

What we have stated thus far in this opinion disposes of appellant's first four assignments of error.

His fifth assignment relates to the order of the court commissioner (entered pursuant to a show cause order) granting $100 as temporary attorney's fees for respondent's counsel and $100 as temporary costs pending appeal.

This order was entered subsequent to the filing of appellant's notice of appeal. In *State ex rel. Atkinson v. Church,* 37 Wn. (2d) 814, 226 P. (2d) 861 (1951), we held that RCW 26.08.090 did not deprive the superior court of jurisdiction to entertain a wife's motion for such relief as was granted in the present case for the purpose of assisting her in prosecuting an appeal. Of course, the trial court's jurisdiction is the same where (as here) the wife is resisting her husband's appeal from a divorce decree awarding her alimony.

Appellant, in support of this assignment of error, cites numerous decisions of this court relating to the determinative factors to be considered in awarding or refusing to award attorney's fees and expenses to a wife in a divorce action. As appellant points out, the prime factors are the need of the wife and the financial ability of the husband to respond.

■ In the present case, appellant instituted the divorce action. It is true that respondent cross-complained for a divorce and that each party was granted a decree. The trial court erroneously (as we now hold) awarded respondent $150 per month alimony until remarriage or further order of the court. From this portion of the decree, appellant has prosecuted this appeal.

Pending the outcome of this appeal, appellant has been paying respondent $150 per month since July, 1960. By the time the remittitur goes down in this case, these payments will then presumably total approximately $3,000. Thus respondent will then have received a substantial sum (a windfall) from which she will be able to pay her attorney fees and costs on this appeal.

In view of all the circumstances of this case, our conclusion is:

1. The portion of the decree appealed from (paragraph 3) awarding respondent alimony in the sum of $150 per month as therein provided is reversed, effective upon the filing of the remittitur herein in the superior court. In all other respects the decree is affirmed.

2. Respondent shall retain all payments received prior to the effective date of our remittitur, including the sum of $200 awarded respondent by order of the court commissioner as expenses on this appeal.

3. Each party shall pay his or her own costs on appeal, except that respondent shall retain the $200 item above mentioned.

It is so ordered.

FINLEY, C. J., OTT, and HUNTER, JJ., concur.