[No. 36507.   Department One.   April 25, 1963.]

VERNA ENDRES, *Respondent*, v. GEORGE B. ENDRES, *Appellant*.[*]

*Miracle, Treadwell & Pruzan,* for appellant.

OTT, C. J.—December 8, 1961, Verna Endres was granted a decree of divorce from George B. Endres, to whom she had been married since June 4, 1938. The decree granted her the care, custody, and control of three of their unemancipated minor children (aged 19, 17, and 10), and $100 a month support money for each child until each should arrive at the age of 21 years or become married or emancipated. She was awarded alimony at the rate of $200 a

[*] Reported in 380 P. (2d) 873.

month until she remarried or until the youngest child reached the age of majority or married or became emancipated. Verna Endres was then 45 years of age. She has a high school education, limited typing experience, and was employed as a telegraph operator for approximately 2½ years prior to marriage. She has not been employed since 1938. George B. Endres is a college graduate, has been continuously employed as an engineer since their marriage, and his gross earnings for 1960 were $15,500.

The court's property division awarded to Verna Endres the residence property and the furniture, valued at approximately $18,000, a 1958 Chevrolet automobile, various life insurance policies, and her personal effects. George B. Endres received corporate stocks valued at $8,500, two bank accounts totaling approximately $1,100, United States bonds valued at $600, life insurance policies on his own life, and a 1958 Ford automobile.

George B. Endres has appealed.

Appellant's sole assignment of error is that the court awarded alimony for an excessive period of time. The respondent did not resist the appeal.

Appellant relies on the rule that, when a wife has the ability to earn a living, she is not to be granted a perpetual lien of alimony on her divorced husband's future earnings. *Lockhart v. Lockhart*, 145 Wash. 210, 259 Pac. 385 (1927). Accord, *Morgan v. Morgan*, 59 Wn. (2d) 639, 369 P. (2d) 516 (1962); *Warning v. Warning*, 40 Wn. (2d) 903, 247 P. (2d) 249 (1952).

The record establishes that respondent has not been employed since her marriage, and that she is not trained or qualified for any particular profession or trade. The responsibility of the physical custody of the children and of providing a home for them is a duty imposed upon her by the decree. She did not receive any income producing property. She is in good health, and capable of rehabilitating herself to provide for her own support.

The needs of the wife and the financial ability of the husband to pay are the essential elements which govern the granting of an alimony award. *Murray v. Murray*, 26

Wn. (2d) 370, 174 P. (2d) 296 (1946); *Duncan v. Duncan,* 25 Wn. (2d) 843, 172 P. (2d) 210 (1946).

In *Underwood v. Underwood,* 162 Wash. 204, 298 Pac. 318 (1931), the parties had been married for 13 years, and had one child 12 years of age. The wife's only employment had been as a waitress prior to marriage. The husband owned a trucking business, and was earning approximately $500 a month. The court granted a divorce to the wife, gave her custody of the child, and awarded her the home and furnishings. The husband was awarded the business and ordered to pay $50 a month for child support. The request for alimony was denied, and the wife appealed. In reversing the trial court, this court considered the rule of the *Lockhart* case in connection with the facts, and stated:

"In the above case [*Lockhart*] the parties had no children. Furthermore, we held, in effect, that the wife in the *Lockhart* case, *supra,* had had ample opportunity during the five or six years subsequent to the entry of the decree of divorce to adapt herself to her new status or environment. Manifestly, it was her duty to gain employment.

"But the case now under consideration presents a different situation. Here the child is still of an age needing the companionship of the mother, who will necessarily be required to devote at least a portion of her time in caring for the home and the child. This, to a certain extent, will deter and hamper her, at least temporarily, from obtaining gainful occupation.

"Whether permanent alimony will be allowed or disallowed in addition to a property settlement, depends on the facts and circumstances of each particular case. Under the facts of the case now before us we do not hold that appellant is entitled to permanent alimony, because appellant, being in the prime of life, can re-establish herself in the vocation she followed before marriage, or in some other useful or gainful occupation. *But in view of the fact that it will require a reasonable period of time for appellant to adapt herself to her present status, during which she will be compelled to give considerable care to the child, and in view of respondent's present earning capacity,* we hold that he should be required to pay to the appellant, in addition to the property settlement made by the court, the sum of six hundred dollars as alimony, such payments to be made

at the option of the respondent at the rate of fifty dollars per month." (Italics ours.)

■ The instant case presents a similar problem. What period of time is *reasonable* for respondent to achieve gainful employment, so that the payment of alimony can be terminated? In making this determination, each case rests upon its particular facts and circumstances. *Roberts v. Roberts,* 51 Wn. (2d) 499, 319 P. (2d) 545 (1957), and case cited.

■ The deterrents to respondent's immediate employment are (1) that she has not worked for many years and must have time to rehabilitate herself for gainful employment, and (2) that her duty to care for the minor children properly limits the time she could devote to gainful employment. These circumstances do establish a need for the payment of alimony for a limited period of time. The trial court fixed a maximum period of approximately 11 years at $200 a month, unless the conditions fixed in the decree should terminate the payment of alimony at an earlier date.

We are of the opinion that, under the facts of this case, the term fixed by the trial court is excessive, both as to time and amount. Subject to the further order of the court, and in the absence of her remarriage, the rehabilitation of the respondent to self support should be accomplished by the time the youngest child reaches the age of 18 or is married or becomes emancipated, and the alimony payments should be reduced to $100 a month three years from the date of filing this opinion.

The cause is remanded with instructions to modify the decree in accordance with the views herein expressed. As so modified, the decree is affirmed.

Appellant will bear his costs on this appeal.

HILL, ROSELLINI, HUNTER, and HALE, JJ., concur.