[No. 37129. En Banc. March 25, 1965.]

JEAN I. EDWARDS, *Respondent*, v. HENRY WEBB EDWARDS, *Appellant.**

*Youngberg, Sorrel & Ressa* (*Orly J. Sorrel*, of counsel), for appellant.

*Gates, Montgomery & Onstad*, for respondent.

OTT, J.—April 28, 1922, Henry Webb Edwards and Jean I. Edwards were married. No children were born of this union. The children of their former marriages are emancipated and self-sustaining. March 7, 1957, Henry W. Edwards obtained a divorce upon the statutory ground that the parties had continuously lived separate and apart for more than 5 years.

*Reported in 400 P. (2d) 303.

At the time of their divorce, Mrs. Edwards was employed as a practical nurse, earning $140 a month. Her ability to continue in gainful employment was found by the court to be doubtful. Mr. Edwards was a Chief Petty Officer in the United States Navy, and was earning $314 a month, including certain service allowances.

The court awarded to Mrs. Edwards the residence property, which was mortgaged in the sum of $2,293.98, the household furniture and furnishings, and two cemetery lots. Mr. Edwards was awarded an unimproved lot having an assessed value of $260, a 1951 Buick automobile valued at $250, a checking account in the amount of $80, and two cemetery lots.

The court directed Mr. Edwards to pay Mrs. Edwards $60 a month alimony until further order of the court, or until her death or remarriage, and her attorneys' fees of $350. He was ordered to maintain his National Service Life Insurance policies in full force and effect, and retain Mrs. Edwards as the beneficiary until further order of the court, or until her death or remarriage.

September 13, 1961, Mr. Edwards petitioned the court to modify the decree relative to alimony and the maintenance of the life insurance policies for the benefit of Mrs. Edwards, alleging that his financial condition had changed.

The court found that Mr. Edwards was retired and received a net retirement pay of $144.89 a month; that Mrs. Edwards now earns $175 a month and is steadily employed; that neither party had applied for social security benefits, and that the mortgage on the residence property has been paid.

The court entered findings of fact accordingly, conclusions of law, and decree which continued the alimony payments. Mr. Edwards was relieved of the duty to keep the life insurance policies in force, but Mrs. Edwards, as beneficiary, was granted the option to make the premium payments.

Mr. Edwards appeals.

The appellant accepts the court's findings of fact, but asserts that they do not support the conclusions of law or the decree.

The sole issue is whether, under these facts, the alimony payments should continue at the rate of $60 a month or at all.

Alimony allowances are not governed by any fixed rule. *Young v. Young*, 47 Wn. (2d) 497, 500, 288 P. (2d) 463 (1955). Alimony is not awarded as a matter of right. *Morgan v. Morgan*, 59 Wn. (2d) 639, 642, 369 P. (2d) 516 (1962). At its inception, the allowance should be predicated upon the needs of the wife and the husband's ability to pay. *Endres v. Endres*, 62 Wn. (2d) 55, 56, 380 P. (2d) 873 (1963); *Morgan v. Morgan, supra*, p. 643, and cases cited.

The original decree granted an alimony award to respondent of $60 a month, and required that appellant pay the monthly insurance premiums of $27.54 on government policies in which respondent was named as beneficiary.

The court found that "The circumstances of the parties have changed since the entry of the Decree of Divorce herein." These changed circumstances were that appellant's salary of $314 a month had terminated. His retirement pay is $144.89 a month, and social security, if claimed, would increase his gross monthly income to $235.89, from which he is obligated to pay $62 a month on the purchase of an automobile.

The court found that respondent was still employed, and that her salary has increased to $175 net each month. Her home is now clear of indebtedness. There was no finding of a present need for the continued payment by appellant of $60 monthly alimony. The court's award of $60 a month gave her a monthly income of $235, and reduced appellant's monthly income to $175.89. The income of both parties is very modest. If the alimony award is reduced to $30 a month, the monthly net income of respondent would then be $205 and that of appellant $205.89. This reduction finds support in our decisions which require that consideration be given to the needs of the parties and the husband's

ability to pay. *Endres v. Endres, supra; Morgan v. Morgan, supra.*

The alimony award is, accordingly, reduced to $30 a month until further order of the court. As so modified, the judgment is affirmed. Neither party will recover costs.

ALL CONCUR.